FILED

CONFORMED COPIES

1  Grant E. Kinsel, Bar No. 172407
2  GKinsel@perkinscoie.com
   **PERKINS COIE LLP**
3  1888 Century Park E., Suite 1700
4  Los Angeles, CA 90067-1721
   Telephone: 310.788.9900
5  Facsimile: 310.788.3399

6  Stacy Quan, Bar No. 138191
7  Stacy.quan@microsoft.com
   **MICROSOFT CORPORATION**
8  One Microsoft Way
   Redmond, WA 98052
9  Telephone: 425.882.8080
10

11  Attorneys for Plaintiff **MICROSOFT CORPORATION**

12

13                 UNITED STATES DISTRICT COURT
14              CENTRAL DISTRICT OF CALIFORNIA
15                     WESTERN DIVISION
16

17  MICROSOFT CORPORATION, a
18  Washington company
19              Plaintiff,
20      v.
21
22  PHOENIX SOLUTIONS, INC., a California
    company
23
              Defendant.
24

25

26

27

28

Case No. CV10 - 3846  R  (Ex)

**COMPLAINT FOR DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL**

2010 MAY 21  AM 11: 39

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

LEGAL18331239.3

Plaintiff Microsoft Corporation ("Microsoft") alleges:

## JURISDICTION AND VENUE

1.     This action arises under the laws of the United States, specifically Title 35 of the United States Code.  The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Further, because this action presents an actual controversy with respect to the invalidity and noninfringement of the patents-in-suit, the Court may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2.     Venue properly lies in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).  The defendant is subject to personal jurisdiction in this judicial district.  Microsoft is informed and believes and thereon alleges that defendant's headquarters is within this judicial district, and that defendant has systematic and not isolated activities within this judicial district.

## PARTIES

3.     Microsoft is a corporation organized under the laws of the State of Washington with its principal place of business at One Microsoft Way, Redmond, Washington 98052.

4.     Microsoft is informed and believes and thereon alleges that Phoenix Solutions, Inc., ("Phoenix") is a corporation organized under the laws of the State of California with its headquarters in Brentwood, California.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1    **FIRST CLAIM FOR RELIEF**

2    (Declaratory Judgment of Noninfringement)

3    5.    U.S. Patent No. 6,633,846 (the "'846 patent"), entitled *Distributed Realtime*

4    *Speech Recognition System*, was filed November 12, 1999, and issued October 14, 2003.

5    6.    U.S. Patent No. 6,615,172 (the "'172 patent"), entitled *Intelligent Query*

6    *Engine for Processing Voice Base Queries*, was filed November 12, 1999, and issued

7    September 2, 2003.

8    7.    U.S. Patent No. 6,665,640 (the "'640 patent"), entitled *Interactive Speech*

9    *Based Learning/Training System Formulating Search Queries Based on Natural Language Parsing*

10   *of Recognized User Queries*, was filed November 12, 1999, and issued on December 16,

11   2003.

12   8.    U.S. Patent No. 7,050,977 (the "'977 patent"), entitled *Speech-Enabled*

13   *Server for Internet Website and Method*, was filed November 12, 1999, and issued May 23,

14   2006.

15   9.    U.S. Patent No. 7,139,714 (the "'714 patent"), entitled *Adjustable Resource*

16   *Based Speech Recognition System*, was filed January 7, 2005, and issued on November 21,

17   2006.

18   10.    U.S. Patent No. 7,203,646 (the "'646 patent"), entitled *Distributed Internet*

19   *Based Speech Recognition System with Natural Language Support*, was filed May 22, 2006, and

20   issued on April 10, 2007.

21   11.    U.S. Patent No. 7,225,125 (the "'125 patent"), entitled *Speech Recognition*

22   *System Trained with Regional Speech Characteristics*, was filed January 7, 2005, and issued

23   May 29, 2007.

24   12.    U.S. Patent No. 7,277,854 (the "'854 patent"), entitled *Speech Recognition*

25   *System Interactive Agent*, was filed January 7, 2005, and issued October 2, 2007.

26   13.    U.S. Patent No. 7,376,556 (the "'556 patent"), entitled *Method for Processing*

27   *Speech Signal Features for Streaming Transport*, was filed March 2, 2004, and issued May 20,

28   2008.

1    14.    U.S. Patent No. 7,392,185 (the "'185 patent"), entitled *Speech Based Learning/Training System Using Semantic Decoding*, was filed June 25, 2003, and issued on June 24, 2008.

4    15.    U.S. Patent No. 7,555,431 (the "'431 patent"), entitled *Method for Processing Speech Using Dynamic Grammars*, was filed March 2, 2004, and issued June 30, 2009.

6    16.    U.S. Patent No. 7,624,007 (the "'007 patent"), entitled *System and Method for Natural Language Processing of Sentence Based Queries*, was filed December 3, 2004, and issued November 24, 2009.

9    17.    U.S. Patent No. 7,647,225 (the "'225 patent"), entitled *Adjustable Resource Based Speech Recognition System*, was filed November 20, 2006, and issued January 12, 2010.

12    18.    U.S. Patent No. 7,657,424 (the "'424 patent"), entitled *System and Method for Processing Sentence Based Queries*, was filed December 3, 2004, and issued February 2, 2010.

15    19.    U.S. Patent No. 7,672,841 (the "'841 patent"), entitled *Method for Processing Speech Data for a Distributed Recognition System*, was filed May 19, 2008, and issued March 2, 2010.

18    20.    The '846, '172, '640, '977, '714, '646, '125, '854, '556, '185, '431, '007, '225, '424, and '841 patents are collectively referred to as the "patents-in-suit."

20    21.    The purported inventions of the patents-in-suit relate, generally, to distributed systems for speech recognition using a natural language engine. Microsoft is informed and believes and thereon alleges that the patents-in-suit are assigned to Phoenix.

24    22.    Microsoft is a provider of interactive voice response ("IVR") services to business. IVR is a telephony technology that allows callers to use a telephone to interact with a computer system. Microsoft provides IVR services for American Express.

28

1    23.    Phoenix claims that the IVR services Microsoft provides for American

2    Express infringe the patents-in-suit.  Specifically, on March 18, 2010, counsel for

3    Phoenix wrote to counsel for American Express stating, "after reviewing the operation

4    of your telephonic customer support line (800.528.4800), we have concluded that the

5    American Express system is covered by Phoenix's patents."   Phoenix's counsel

6    identified all fifteen of the patents-in-suit, claimed that the IVR services provided by

7    Microsoft for American Express use all fifteen of the patents-in-suit, and stated that

8    American Express "is now at the top of our list."   A true and correct copy of

9    Phoenix's counsel's March letter is attached as Exhibit "1."

10    24.    Based on Phoenix's conduct, Microsoft believes, in good faith, that

11    Phoenix will commence suit against Microsoft's customer American Express.  Because

12    Microsoft provides the IVR services to American Express that Phoenix claims infringe

13    the patents-in-suit, there is a substantial, continuing, and justiciable controversy

14    between Microsoft, on the one hand, and Phoenix, on the other hand, relating to the

15    purported infringement of the patents-in-suit.

16    25.    No claim of any of the patents-in-suit can be validly construed to be

17    infringed by any IVR service Microsoft provides to American Express.   The IVR

18    services Microsoft provides for American Express do not infringe, have not infringed,

19    and cannot infringe, directly, by inducement or contributorily, any claim of the

20    patents-in-suit.

21    26.    Accordingly, Microsoft is entitled to a declaratory judgment that the IVR

22    services it provides for American Express do not infringe any claim of any of the

23    patents-in-suit.

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

1

## SECOND CLAIM FOR RELIEF

2
(Declaratory Judgment of Invalidity)

3
27.    Microsoft incorporates paragraphs 1 through 26, above.

4
28.    One or more claims of the '846 patent are invalid for failure to meet one

5
or more of the requirements of Title 35 of the United States Code, including without

6
limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

7
29.    One or more claims of the '172 patent are invalid for failure to meet one

8
or more of the requirements of Title 35 of the United States Code, including without

9
limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

10
30.    One or more claims of the '640 patent are invalid for failure to meet one

11
or more of the requirements of Title 35 of the United States Code, including without

12
limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

13
31.    One or more claims of the '977 patent are invalid for failure to meet one

14
or more of the requirements of Title 35 of the United States Code, including without

15
limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

16
32.    One or more claims of the '714 patent are invalid for failure to meet one

17
or more of the requirements of Title 35 of the United States Code, including without

18
limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

19
33.    One or more claims of the '646 patent are invalid for failure to meet one

20
or more of the requirements of Title 35 of the United States Code, including without

21
limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

22
34.    One or more claims of the '125 patent are invalid for failure to meet one

23
or more of the requirements of Title 35 of the United States Code, including without

24
limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

25
35.    One or more claims of the '854 patent are invalid for failure to meet one

26
or more of the requirements of Title 35 of the United States Code, including without

27
limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

28

LEGAL18331239.3              -5-              COMPLAINT FOR DECLARATORY RELIEF

36.     One or more claims of the '556 patent are invalid for failure to meet one or more of the requirements of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

37.     One or more claims of the '185 patent are invalid for failure to meet one or more of the requirements of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

38.     One or more claims of the '431 patent are invalid for failure to meet one or more of the requirements of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

39.     One or more claims of the '007 patent are invalid for failure to meet one or more of the requirements of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

40.     One or more claims of the '225 patent are invalid for failure to meet one or more of the requirements of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

41.     One or more claims of the '424 patent are invalid for failure to meet one or more of the requirements of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

42.     One or more claims of the '841 patent are invalid for failure to meet one or more of the requirements of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

43.     Accordingly, Microsoft is entitled to a declaratory judgment that such claims of the patents-in-suit are invalid.

**WHEREFORE**, Microsoft request that judgment be entered against Phoenix and in Microsoft's favor as follows:

A.     On the *First Claim for Relief*, a declaration that:

1) U.S. Patent No. 6,633,846 is, as to each of the claims therein, not infringed by any IVR service Microsoft provides for American Express.

2) U.S. Patent No. 6,615,172 is, as to each of the claims therein, not infringed by any IVR service Microsoft provides for American Express.

3) U.S. Patent No. 6,665,640 is, as to each of the claims therein, not infringed by any IVR service Microsoft provides for American Express.

4) U.S. Patent No. 7,050,977 is, as to each of the claims therein, not infringed by any IVR service Microsoft provides for American Express.

5) U.S. Patent No. 7,139,714 is, as to each of the claims therein, not infringed by any IVR service Microsoft provides for American Express.

6) U.S. Patent No. 7,203,646 is, as to each of the claims therein, not infringed by any IVR service Microsoft provides for American Express.

7) U.S. Patent No. 7,225,125 is, as to each of the claims therein, not infringed by any IVR service Microsoft provides for American Express.

8) U.S. Patent No. 7,277,854 is, as to each of the claims therein, not infringed by any IVR service Microsoft provides for American Express.

9) U.S. Patent No. 7,376,556 is, as to each of the claims therein, not infringed by any IVR service Microsoft provides for American Express.

10) U.S. Patent No. 7,392,185 is, as to each of the claims therein, not infringed by any IVR service Microsoft provides for American Express.

11) U.S. Patent No. 7,555,431 is, as to each of the claims therein, not infringed by any IVR service Microsoft provides for American Express.

12) U.S. Patent No. 7,624,007 is, as to each of the claims therein, not infringed by any IVR service Microsoft provides for American Express.

13) U.S. Patent No. 7,647,225 is, as to each of the claims therein, not infringed by any IVR service Microsoft provides for American Express.

14) U.S. Patent No. 7,657,424 is, as to each of the claims therein, not infringed by any IVR service Microsoft provides for American Express.

15) U.S. Patent No. 7,672,841 is, as to each of the claims therein, not infringed by any IVR service Microsoft provides for American Express.

B. On the *Second Claim for Relief*, a declaration that:

1) U.S. Patent No. 6,633,846 is, as to one or more of the claims therein, invalid.

2) U.S. Patent No. 6,615,172 is, as to one or more of the claims therein, invalid.

3) U.S. Patent No. 6,665,640 is, as to one or more of the claims therein, invalid.

4) U.S. Patent No. 7,050,977 is, as to one or more of the claims therein, invalid.

1   5)   U.S. Patent No. 7,139,714 is, as to one or more of the claims
2        therein, invalid.

3   6)   U.S. Patent No. 7,203,646 is, as to one or more of the claims
4        therein, invalid.

5   7)   U.S. Patent No. 7,225,125 is, as to one or more of the claims
6        therein, invalid.

7   8)   U.S. Patent No. 7,277,854 is, as to one or more of the claims
8        therein, invalid.

9   9)   U.S. Patent No. 7,376,556 is, as to one or more of the claims
10       therein, invalid.

11  10)  U.S. Patent No. 7,392,185 is, as to one or more of the claims
12       therein, invalid.

13  11)  U.S. Patent No. 7,555,431 is, as to one or more of the claims
14       therein, invalid.

15  12)  U.S. Patent No. 7,624,007 is, as to one or more of the claims
16       therein, invalid.

17  13)  U.S. Patent No. 7,647,225 is, as to one or more of the claims
18       therein, invalid.

19  14)  U.S. Patent No. 7,657,424 is, as to one or more of the claims
20       therein, invalid.

21  15)  U.S. Patent No. 7,672,841 is, as to one or more of the claims
22       therein, invalid.

23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1    D      On all *Claims for Relief*, costs and reasonable attorneys' fees, including
2    attorneys' fees pursuant to 35 U.S.C. § 285.

3

4    E.     For such other and further relief as the Court deems just and proper.

5

6    DATED:  May 21, 2010                          PERKINS COIE LLP
7

8                                                  By:
9                                                      Grant E. Kinsel, Bar No. 172407
                                                       GKinsel@perkinscoie.com
10
                                                   Attorneys for Plaintiff
11                                                 MICROSOFT CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Microsoft Corporation hereby demands a jury.

2

3

4

5  DATED: May 21, 2010

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PERKINS COIE LLP

By: _____
    Grant E. Kinsel, Bar No. 172407
    GKinsel@perkinscoie.com

Attorneys for Plaintiff
**MICROSOFT CORPORATION**

**EXHIBIT 1**

R. JOSEPH TROJAN

DYLAN C. DANG
JEEYEON HAN
SHARON E. GHAUSI
WILLIAM WONG
LLOYD VU

OF COUNSEL
J. NICHOLAS GROSS

# TROJAN LAW OFFICES
Rexford Plaza
9250 Wilshire Boulevard
Suite 325
Beverly Hills, California 90212
www.patenTrademark.com
REGISTERED PATENT ATTORNEYS

PATENT, TRADEMARK,
COPYRIGHT, TRADE SECRET &
RELATED CAUSES

TELEPHONE (310) 777-8399
FACSIMILE (310) 777-8348

March 18, 2010

Howard Sobelman
Snell & Wilmer LLP
One Arizona Center
Phoenix, AZ 85004-2202

*Via U.S. Mail and Facsimile at (602) 382-6070 (2 PAGES)*

Re:   Phoenix Solutions, Inc.
License Offer to AMERICAN EXPRESS for U.S. Patents Relating
to Speech Recognition/Natural Language Processing
TLO File No. 06-07-2816

Dear Mr. Sobelman:

This letter is a follow up to our earlier correspondence regarding the licensing of Phoenix Solutions, Inc.'s patent portfolio. As you will recall, Phoenix is the owner of several key U.S. and foreign patents and pending applications in the areas of speech recognition and natural language processing. As set forth in our previous correspondence, after reviewing the operation of your telephonic customer support line (800.528.4800), we have concluded that the American Express system is covered by Phoenix's patents. We have already provided a detailed showing of how Phoenix's patents cover various aspects of AmEx's system.

Phoenix's patent portfolio has grown considerably since that initial licensing inquiry. At that time, we referenced U.S. Patent Nos. 6,633,846, 6,615,172, 6,665,640, and 7,050,977. Phoenix's portfolio has since expanded to multiple additional patents directed towards speech recognition, including U.S. Patent Nos. 7,139,714, 7,203,646, 7,225,125, 7,277,854, 7,376,556, 7,392,185, 7,555,431, 7,624,007, 7,647,225, 7,657,424, and 7,672,841.

Furthermore, since that initial licensing inquiry, Phoenix's patent portfolio has survived numerous challenges in court, which has resulted in multiple licenses. These include licenses with Sony Electronics, Wells Fargo, Ticketmaster, Sears, K-Mart, and Pacific Gas and Electric. If you call Wells Fargo's 800 number, it would be instructive of the type of natural language system covered by Phoenix's patents.

"Exhibit 1 of 12"

Mr. Howard Sobelman
Re: Phoenix Solutions, Inc.
License Offer to American Express for U.S. Patents Relating to Speech Recognition/Natural
Language Processing
TLO File No. 06-07-2816
March 18, 2010
Page 2 of 2

Given that we have successfully litigated Phoenix's patents against defenses of non-infringement and challenges of invalidity, we are confident in the strength of Phoenix's portfolio. It would be in the best interest of both parties to avoid litigation that has proven to be so ineffective for similarly situated licensees who have literally spent millions in defense without invalidating a single claim.

American Express is now at the top of our list. We would like to schedule a meeting in person with you by no later than March 30 because it is now time for us to reach a resolution concerning AmEx's use of fifteen of Phoenix's patents. With respect to specific terms, we are flexible. We have granted licenses that were paid in full for the life of the patent portfolio and we have entered into licenses based upon an on-going royalty. We have also adjusted the term of the licenses for those who do not want to be locked in for the life of the patents. While we are flexible concerning the licensing arrangement, we will need to know AmEx's call volume in order to make a meaningful proposal.

We look forward to receiving your availability for an in-person meeting.

Very truly yours,

TROJAN LAW OFFICES
By:

R. Joseph Trojan

RJT:lv

"Exhibit __1__ of _13_"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV10- 3846 R (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address: Grant E. Kinsel SBN 172407
Perkins Coie LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 788-9900

ORIGINAL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington company<br><br>PLAINTIFF(S)<br><br>v.<br><br>PHOENIX SOLUTIONS, INC., a California company<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10-3846** R (Ex)<br><br><br>**SUMMONS** |

TO: DEFENDANT(S): PHOENIX SOLUTIONS, INC., a California company

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Grant E. Kinsel_____, whose address is _Perkins Coie LLP, 1888 Century Park East, Suite 1700, Los Angeles, CA 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: May 21, 2010

By: _Natalie Hongeria_
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)  SUMMONS

Name & Address: Grant E. Kinsel SBN 172407
Perkins Coie LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 788-9900

COURTESY COPIES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington company<br><br>PLAINTIFF(S)<br>v.<br><br>PHOENIX SOLUTIONS, INC., a California company<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10-3846** 𝕉 (𝕊𝕩)<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S): PHOENIX SOLUTIONS, INC., a California company

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Grant E. Kinsel_____, whose address is _Perkins Coie LLP, 1888 Century Park East, Suite 1700, Los Angeles, CA 90067___. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: May 21, 2010_____

By: ___**NATALIE LONGORIA**_____
Deputy Clerk

(Seal of the U.S. District Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1198

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**CONFORMED COPIES**

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| MICROSOFT CORPORATION, a Washington company | PHOENIX SOLUTIONS, INC., a California company |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same ) | Attorneys (If Known) |
|---|---|
| Grant E Kinsel, SBN 172407<br>Perkins Coie LLP, 1888 Century Park East, Suite 1700<br>Los Angeles, CA 90067 310 788-9900 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- □ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- □ 2 U.S. Government Defendant
- □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- □ 2 Removed from State Court
- □ 3 Remanded from Appellate Court
- □ 4 Reinstated or Reopened
- □ 5 Transferred from another district (specify):
- □ 6 Multi-District Litigation
- □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes ☑ No     □ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1331 and 1338(a); 28 U.S.C. §§ 2201 and 2202; Declaratory relief for noninfringement and invalidity

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty □ 540 Mandamus/ Other | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | **BANKRUPTCY** | □ 550 Civil Rights | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | □ 610 Agriculture | **PROPERTY RIGHTS** |
| □ 810 Selective Service | | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury- Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury- Product Liability | □ 443 Housing/Acco- mmodations | | □ 840 Trademark |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | **SOCIAL SECURITY** |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 861 HIA (1395ff) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | **IMMIGRATION** | | □ 650 Airline Regs | □ 862 Black Lung (923) |
| □ 893 Environmental Matters | **REAL PROPERTY** | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 660 Occupational Safety /Health | □ 863 DIWC/DIWW (405(g)) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 463 Habeas Corpus- Alien Detainee | □ 440 Other Civil Rights | □ 690 Other | □ 864 SSID Title XVI |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 465 Other Immigration Actions | | | □ 865 RSI (405(g)) |
| □ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

# CV10-3846

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): 2:08cv984;2:09cv774; 2:09cv08156

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☑ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Washington |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date May 21, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |