R. Joseph Trojan  CA Bar No. 137,067
(trojan@trojanlawoffices.com)
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:  310-777-8399
Facsimile:  310-777-8348

Attorneys for Defendant,
PHOENIX SOLUTIONS, INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington company,<br><br>Plaintiff,<br><br>v.<br><br>PHOENIX SOLUTIONS, INC., a California company,<br><br>Defendant. | CASE NO. CV 10-03846 MRP (SSx)<br><br>**DEFENDANT PHOENIX SOLUTIONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) and 12(b)(6)**<br><br>Date:  August 9, 2010<br><br>Time:  11:00 a.m.<br><br>Courtroom:  12<br><br>Honorable Mariana R. Pfaelzer |

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................. 1

III. ARGUMENT ...................................................................................................... 2

    A. Microsoft Fails To Allege Any Facts To Support Its Claims Of Non-infringement And Invalidity, And, Therefore, Its Complaint Should Be Dismissed For Failure To State a Claim ........... 3

    B. Microsoft's Complaint Should Be Dismissed Because There Is No Actual Controversy Between Microsoft and Phoenix ..................... 9

IV. CONCLUSION ................................................................................................ 13

i

TABLE OF AUTHORITIES

CASES

*Aetna Life Ins. Co. v. Haworth*,
    300 U.S. 227 (1937) ................................................................................................ 10

*Ashcroft v. Iqbal*,
    129 S.Ct. 1937 (2009) ...................................................................................... 3-4, 6-8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................ 3-4, 6-8

*Frank M. Weyer, et al. v. Myspace, Inc., et al.*,
    Case No. 2:10-cv-00499-MRP-FFMx ................................................................. 6-8

*Grain Processing Corp. v. American Maize-Products Co.*,
    840 F.2d 902 (Fed. Cir. 1988) ................................................................................ 10

*Grid Systems Corp. v. Texas Instruments Inc.*,
    771 F.Supp. 1033 (N.D.Cal. 1991) ..................................................................... 5, 8

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) ............................................................................................... 11

*McCarthy v. United States*,
    850 F.2d 558 (9th Cir. 1988)
    *cert. denied*, 489 U.S. 1052 (1989) ........................................................................ 9

*Qarbon.com, Inc. v. eHelp Corp.*,

315 F.Supp.2d 1046 (N.D.Cal. 2004) ........................................................ 4-5, 8

*SanDisk Corp. v. STMicroelectronics, Inc.,*

    480 F.3d 1372 (Fed.Cir. 2007) ..................................................................... 11

*Shell Oil Co. v. Amoco Corp.,*

    970 F.2d 885 (Fed. Cir. 1992) ...................................................................... 10

*Societe de Conditionnement en Aluminium v. Hunter Engineering Co.,*

    655 F.2d 938 (9th Cir. 1981) ........................................................................ 10

*Sopcak v. Northern Mountain Helicopter Serv.,*

    52 F.3d 817 (9th Cir. 1995) ..................................................................... 9, 12

*Sorensen v. Spectrum Brands, Inc.,*

    No. 09cv58, 2009 WL 5199461 at *1 (S.D.Cal. December 23, 2009) ........ 4, 8

*Super Products Corp. v. D.P. Way Corp.,*

    546 F.2d 748 (7th Cir. 1976) ........................................................................ 12

*U.S. v. Morton,*

    467 U.S. 822 (1984) ........................................................................................ 9

TROJAN LAW OFFICES
BEVERLY HILLS

CODES, RULES, STATUTES, & MISCELLANEOUS

28 U.S.C. § 2201 .................................................................................................. 10

28 U.S.C. § 2201(a) ............................................................................................. 10

35 U.S.C. § 101 ........................................................................................... 2, 4-6, 8

35 U.S.C. § 102 ........................................................................................... 2, 4-6, 8

35 U.S.C. § 103 ........................................................................................... 2, 4-6, 8

35 U.S.C. § 112 ........................................................................................... 2, 4-6, 8

Fed.R.Civ.P. 12(b)(1) ................................................................................ 1, 5, 9, 12

Fed.R.Civ.P. 12(b)(6) ......................................................................................... 1, 5

Fed.R.Civ.P. 8 .................................................................................................. 5-6, 9

Fed.R.Civ.P. 8(a)(2) ............................................................................................ 7-8

Fed.R.Civ.P. 84 ....................................................................................................... 7

TROJAN LAW OFFICES
BEVERLY HILLS


CODES, RULES, STATUTES, & MISCELLANEOUS

28 U.S.C. § 2201 .................................................................................................. 10

28 U.S.C. § 2201(a) ............................................................................................. 10

35 U.S.C. § 101 ........................................................................................... 2, 4-6, 8

35 U.S.C. § 102 ........................................................................................... 2, 4-6, 8

35 U.S.C. § 103 ........................................................................................... 2, 4-6, 8

35 U.S.C. § 112 ........................................................................................... 2, 4-6, 8

Fed.R.Civ.P. 12(b)(1) ................................................................................ 1, 5, 9, 12

Fed.R.Civ.P. 12(b)(6) ......................................................................................... 1, 5

Fed.R.Civ.P. 8 .................................................................................................. 5-6, 9

Fed.R.Civ.P. 8(a)(2) ............................................................................................ 7-8

Fed.R.Civ.P. 84 ....................................................................................................... 7

TROJAN LAW OFFICES
BEVERLY HILLS

Defendant, Phoenix Solutions, Inc. (hereinafter, "Defendant" or "Phoenix"), respectfully submits this memorandum of points and authorities in support of Phoenix's motions to dismiss Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(1) and 12(b)(6).

## I. INTRODUCTION

Plaintiff's Complaint for Declaratory Relief for declaratory judgment of non-infringement and of invalidity is "radically insufficient" and must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Moreover, Plaintiff's Complaint should be dismissed under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction because there is no actual controversy between Plaintiff and Defendant Phoenix.

## II. FACTUAL BACKGROUND

Plaintiff Microsoft Corporation (hereinafter, "Plaintiff" or "Microsoft") filed its Complaint on May 21, 2010, claiming for declaratory judgment of non-infringement and of invalidity of fifteen (15) patents of Phoenix ("patents-in-suit"). *See* Plaintiff's Complaint, Docket Entry No. 1; *see also,* Exhs. 1 through 15 to the Declaration of R. Joseph Trojan submitted concurrently herewith ("Trojan Decl."). There are total 437 claims in the fifteen (15) patents-in-suit. *See* Trojan Decl., Exhs. 1 through 15.

1

In its Complaint, Plaintiff alleges, "[b]ecause Microsoft provides the IVR services to American Express that Phoenix claims infringe the patents-in-suit, there is a substantial, continuing, and justiciable controversy between Microsoft, on the one hand, and Phoenix, on the other hand, relating to the purported infringement of the patents-in-suit." *See* Plaintiff's Complaint, ¶ 24.

Claiming for declaratory judgment of non-infringement of the patents-in-suit, Plaintiff alleges the following bare legal conclusion without any supporting facts whatsoever:

> 25.  No claim of any of the patents-in-suit can be validly construed to be infringed by any IVR service Microsoft provides to American Express.  The IVR services Microsoft provides for American Express do not infringe, have not infringed, and cannot infringe, directly, by inducement or contributorily, any claim of the patents-in-suit.
> 26.  Accordingly, Microsoft is entitled to a declaratory judgment that the IVR services it provides for American Express do not infringe any claim of any of the patents-in-suit.

*See* Plaintiff's Complaint.

Similarly, each claim for declaratory judgment of invalidity of the patents-in-suit in the Complaint does no more than vaguely reciting a legal conclusion – "[o]ne or more claims of the [patent-in-suit] are invalid for failure to meet one or more of the requirements of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112." *See* the Complaint, ¶¶ 28-43.

### III.  ARGUMENT

2

### A. Microsoft Fails To Allege Any Facts To Support Its Claims Of Non-infringement And Invalidity, And, Therefore, Its Complaint Should Be Dismissed For Failure To State a Claim

The U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly* states, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…" 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)(citations omitted). Later in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court reiterates the pleading standard discussed in *Twombly*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions[s]" devoid of "further factual enhancement."
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

(internal citations omitted).

In *Iqbal*, the Supreme Court noted that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S.Ct. at 1950. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950.

Based on the above principles, the Supreme Court in *Iqbal* set forth a framework for considering motions to dismiss:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying **pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth**. While legal conclusions can provide the framework of a complaint, **they must be supported by factual allegations**. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

*Id.* at 1950 (emphases added).

The Supreme Court in *Iqbal* has instructed that the above pleading standards apply to all civil actions. *Id.* at 1953. Courts have applied the pleading standards as explained in *Twombly* and *Iqbal* to patent cases.

In particular, courts have held that a claim for invalidity of a patent that merely states that the patent is invalid under the provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112 is insufficient and should be dismissed. For example, a sister District Court in *Sorensen v. Spectrum Brands, Inc.* dismissed a claim for invalidity of a patent where the claim only states that "[t]he claim of the []patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112", reasoning that "[t]his threadbare statement is precisely the type of allegation that is insufficient to state a claim under the *Iqbal* standard." *Sorensen*, No. 09cv58, 2009 WL 5199461 at *1 (S.D.Cal. December 23, 2009). Also, another sister District Court in *Qarbon.com, Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1050 (N.D.Cal. 2004), dismissed a claim for

4

declaratory judgment of invalidity because it found the declaratory judgment claim, which merely states that the patent is invalid under the provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, to be insufficiently pled under Rule 12(b)(6).

> eHelp alleges that "the '441 patent is invalid and void under the provisions of Title 35, United States Code §§ 100 *et seq.*, and specifically, §§ 101, 102, 103, and/or 112 …." Such a pleading is "radically insufficient." The Court will not accept wholly conclusory allegations.
>
> By making general allegations, eHelp fails to give "fair notice" to Qarbon. "Effective notice pleading should provide the defendant with a basis for assessing the initial strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related counter- or cross-claims, and for preparing an appropriate answer." eHelp, by alleging several grounds for invalidating and voiding the '411 patent, does not provide Qarbon with a basis for assessing the strength of eHelp's counterclaim. Because the invalidity counterclaim does not provide "a more specific statement of the basis" of the counterclaim, the Court grants Qarbon's motion to dismiss eHelp's counterclaim for declaratory judgment with leave to amend.

*Qarbon*, 315 F.Supp.2d at 1050-51 (internal citations omitted).

Similarly, a court, in *Grid Systems Corp. v. Texas Instruments Inc.*, 771 F.Supp. 1033, 1042 (N.D.Cal. 1991), dismissed a declaratory judgment claim as radically insufficient where the claim alleges that nine patents are invalid because of a "failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and 112." Further, the court in *Grid Systems* found that the sweeping allegation stating that all of the patents are invalid for "one or more" of the reasons stated fails to meet the "fair notice" requirement of Rule 8. 771 F.Supp. at 1041.

5

> For example, the first sentence of paragraph 47 identifies nine TI patents, and the second alleges that all of these patents are invalid for "one or more" of the reasons stated in the following subparagraphs. Tandy has made no effort to link patents with defects despite Tandy's admission that only one or two defects apply to each individual patent.
>
> This sweeping allegation fails to meet the "fair notice" requirement of Rule 8. Given the length of Tandy's list of defects, Tandy's failure to match particular defects with specific patents reduces the meaning of paragraph 47 to a general allegation that each patent is defective, period. Tandy [*sic*, TI] cannot begin to preserve relevant evidence, identify related claims, or begin to prepare an answer on the basis of this generic allegation.
>
> In addition, paragraph 47(a) alleges that nine TI patents, including four that Tandy has not associated with the alleged Intel design fraud, are invalid because of "TI's failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and 112." This pleading is radically insufficient….More importantly, conclusory pleading of the statutory language is insufficient to meet the fair notice requirement of Rule 8 in the present context. Given the complexity of the processes at issue, and the close interrelation between many of the patents controlled by TI, TI cannot assess the strength of Tandy's claims, begin to preserve relevant evidence, or identify related claims or cross-claims without some information from Tandy of the factual basis for its invalidity claims with regard to each patent.
>
> …Tandy must link each challenged patent with particular defects, and allege some factual basis of each alleged defect.

*Id.* at 1041-42.

In fact, this Court in *Frank M. Weyer, et al. v. Myspace, Inc., et al.*, Case No. 2:10-cv-00499-MRP-FFMx, has indicated that patent-related claims, other than a complaint for direct infringement of a patent, are required to be supported by sufficient facts to meet the pleading standards as interpreted in *Twombly* and *Iqbal*.

6

*See Myspace*, Docket Entry No. 23 (Order Regarding Motion to Dismiss).  In *Myspace*, defendants filed a motion to dismiss all of plaintiffs' claims in their complaint alleging direct infringement as well as indirect and willful infringement of plaintiffs' patent. *See id.*  Denying defendants' motion to dismiss plaintiffs' direct infringement claims, Judge Pfaelzer in the case reasoned that the "Court does not require claims of direct infringement to meet the pleading standards of Rule 8(a)(2) as interpreted by *Twombly* and *Iqbal* because Form 18 provides a form 'Complaint for Patent Infringement' for direct infringement claims and Rule 84 requires a court to accept as sufficient any pleading made in conformance to the Forms." *See id.*  However, with respect to plaintiffs' indirect and willful infringement claims, Judge Pfaelzer instructed that "[b]ecause Form 18 does not provide a model for indirect or willful infringement claims, the Court is not required by Rule 84 to accept conclusory allegations as sufficient", and, therefore, "the Court does require claims of indirect and willful infringement to be pleaded in accordance with the requirements of Rule 8(a)(2) as interpreted by *Twombly* and *Iqbal*." *See id.*  Finding that plaintiffs in *Myspace* have failed to allege *any* facts to support their claim of indirect and willful infringement, this Court granted defendants' motion to dismiss plaintiffs' indirect and willful infringement claims. *See id.*

Microsoft's declaratory judgment claims for non-infringement and invalidity

are precisely the type of allegations that courts have dismissed for failure to state a claim. Form 18 does not provide a model for Microsoft's declaratory judgment claims for non-infringement and invalidity. Accordingly, pursuant to this Court's reasoning and instruction in *Myspace* case, Microsoft's declaratory judgment claims should be pleaded and supported by sufficient facts to be in accordance with the requirements of Rule 8(a)(2) as interpreted by *Twombly* and *Iqbal*. However, Microsoft's declaratory judgment claims are wholly conclusory allegations without any factual clue as to the basis for alleging such claims. Further, Microsoft's declaratory judgment claim of patent invalidity is an almost verbatim repetition of the "radically insufficient" claims in *Sorensen*, *Qarbon*, and *Grid Systems* cases.

Moreover, Microsoft has failed to identify which patent claim or claims among the 437 claims of the patents-in-suit are at issue concerning its declaratory judgment claims of non-infringement and of invalidity, respectively. Also, in alleging "**[o]ne or more** claims of the [patent-in-suit] are invalid for failure to meet **one or more** of the requirements of Title 35 of the United States Code, **including without limitation**, 35 U.S.C. §§ 101, 102, 103, and 112", Microsoft provides nothing but vague and indefinite allegations and has failed to identify which claim or claims are allegedly invalid, failed to identify specific defects as grounds for invalidity, and failed to link each such allegedly invalid claim with particular defects. *See* the Complaint, ¶¶ 28-43 (emphases added).

8

Clearly, Microsoft's declaratory judgment claims fail to meet the fair notice requirement of Rule 8, failing to inform Phoenix as to what Phoenix must defend. Phoenix cannot possibly assess any strength of the claims, begin to preserve evidence, or identify related claims without sufficient information regarding the factual basis for the declaratory judgment claims. Accordingly, Microsoft's Complaint fails to state a claim upon which relief could be granted, and must be dismissed.

### B. Microsoft's Complaint Should Be Dismissed Because There Is No Actual Controversy Between Microsoft and Phoenix

F.R.C.P. 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction seeks the dismissal of the lawsuit because the Court lacks the authority to hear the dispute. *See U.S. v. Morton*, 467 U.S. 822, 828 (1984). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *See Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

Microsoft's claims for declaratory judgments of invalidity and non-

infringement of Phoenix's fifteen (15) patents should be dismissed because declaratory judgment jurisdiction is absent here.

A declaratory judgment action can only be brought to resolve an actual controversy between interested parties. *See* Declaratory Judgment Act, 28 U.S.C §2201. The Declaratory Judgment Act provides that "in a case of actual controversy" a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a). This "actual controversy" requirement "is the same as the 'case or controversy' requirement of Article III of the United States Constitution." *Societe de Conditionnement en Aluminium v. Hunter Engineering Co.*, 655 F.2d 938, 942 (9th Cir. 1981) (*citing Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937)).

The existence of an actual controversy is an absolute predicate for declaratory judgment jurisdiction. *Grain Processing Corp. v. American Maize-Products Co.*, 840 F.2d 902, 905 (Fed. Cir. 1988). In other words, an actual controversy must be present before a declaratory judgment action is ripe for adjudication. *See Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 887 (Fed. Cir. 1992) (*citing Aetna Life Ins.*, 300 U.S. at 239-41).

An actual controversy exists "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where

10

that party contends that it has the right to engage in the accused activity without license". *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed.Cir. 2007); *see also, MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128-29, 127 S.Ct. 764, 772 (2007).

Such an actual controversy did not exist at the time of filing Microsoft's Complaint in this case. Microsoft alleges in its Complaint that "[b]ecause Microsoft provides the IVR services to American Express that Phoenix claims infringe the patents-in-suit, there is a substantial, continuing, and justiciable controversy between Microsoft, on the one hand, and Phoenix, on the other hand, relating to the purported infringement of the patents-in-suit." *See* the Complaint, ¶ 24. However, Microsoft's allegation entirely mischaracterizes the facts concerning American Express's infringement of Phoenix's patents. Phoenix accused American Express of infringement because American Express took actions that completed the American Express IVR system to cause it to infringe Phoenix's patents. Phoenix has never accused Microsoft of infringing Phoenix's patents. *See* Trojan Decl., ¶ 3. While there may be other Phoenix patent claims, or other Phoenix patents, that are infringed by Microsoft, Phoenix has not conducted such an analysis and has never sent any cease and desist letter to Microsoft.

If Microsoft maintains that there is an actual controversy, it is Microsoft's burden to prove at least that Microsoft's IVR services are "similar to that

described" in Phoenix's patents and "potentially infringing" the patents. *See Super Products Corp. v. D.P. Way Corp.*, 546 F.2d 748, 753 (7th Cir. 1976); *see also, Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995)(The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction).

Moreover, even if Microsoft would meet its burden to prove an actual controversy, Microsoft's declaratory judgment claims in this case should be limited to the claims of the patents which Phoenix has asserted against and negotiated for licensing with American Express. In fact, Phoenix has asserted only nine claims of its nine patents – claim 1 of U.S. Patent No. 7,050,977, claim 1 of U.S. Patent No. 7,277,854, claim 1 of U.S. Patent No. 6,665,640, claim 1 of U.S. Patent No. 7,139,714, claim 1 of U.S. Patent No. 7,225,125, claim 1 of U.S. Patent No. 6,615,172, claim 1 of U.S. Patent No. 6,633,846, claim 1 of U.S. Patent No. 7,555,431, and claim 1 of U.S. Patent No. 7,672,841 in connection with settlement negotiation with American Express concerning American Express' IVR system. *See* Trojan Decl., Exh. 16 and ¶ 3. Since Microsoft alleges in its Complaint that an actual controversy exists based on Phoenix's assertion of American Express' infringement, if this Court finds any such actual controversy in this case, such an actual controversy should arise only with respect to the above nine claims of the patents.

12

## IV. CONCLUSION

For the reasons set forth above, Microsoft's Complaint must be dismissed.

Respectfully submitted,

TROJAN LAW OFFICES
By

Dated: July 6, 2010  /s/R. Joseph Trojan
R. Joseph Trojan
Attorney for Defendant, Phoenix Solutions, Inc.

13