R. Joseph Trojan  CA Bar No. 137,067
(trojan@trojanlawoffices.com)
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   310-777-8399
Facsimile:   310-777-8348

Attorneys for Defendant,
PHOENIX SOLUTIONS, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington company,<br><br>        Plaintiff,<br><br>   v.<br><br>PHOENIX SOLUTIONS, INC., a California company,<br><br>        Defendant. | CASE NO. CV 10-03846 MRP (SSx)<br><br>**DEFENDANT PHOENIX SOLUTIONS, INC.'S REPLY TO MICROSOFT CORPORATION'S OPPOSITION TO MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) and 12(b)(6)**<br><br>Date:  August 23, 2010<br><br>Time:  11:00 a.m.<br><br>Courtroom:  12<br><br>Honorable Mariana R. Pfaelzer |

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................1

II. ARGUMENT ......................................................................................................1

    A. Microsoft's Complaint Fails to Meet the Fair Notice Requirement of Rule 8 and Should Be Dismissed Under Rule 12(b)(6) ..............................................................................................1

    B. Microsoft Fails to Show That There Was Actual Controversy Between Microsoft and Phoenix At the Time of Filing of the Complaint ...............................................................................................7

    C. Microsoft's Request for Leave to Amend the Complaint Should Be Denied ......................................................................................10

III. CONCLUSION ................................................................................................11

i

# TABLE OF AUTHORITIES

**CASES**

*Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*,
 846 F.2d 731 (Fed. Cir. 1988) ................................................................................ 9

*CIBA Vision Corp. v. De Spirito*,
 No. 1:09-cv-01343-JOF, 2010 WL 553233, at *10 (N.D. Ga. Feb. 10, 2010) ................................................................................................................... 10

*Elan Microelectronics Corp. v. Apple, Inc.*,
 C 09-01531 RS, 2009 WL 2972374, at *2-3 (N.D. Cal. Sep. 14, 2009) .... 2, 6

*Elan Pharma Int'l Ltd. v. Lupin Ltd.*,
 No. 09-1008 (JAG), 2010 WL 1372316 (D. N.J. Mar. 31, 2010) ............... 5-6

*Frank M. Weyer, et al. v. Myspace, Inc., et al.*,
 Case No. 2:10-cv-00499-MRP-FFMx, Docket Entry No. 23 (Order Regarding Motion to Dismiss) ............................................................... 2, 4-6

*Grid Systems Corp. v. Texas Instruments Inc.*,
 771 F.Supp. 1033, 1041-42 (N.D. Cal. 1991) ........................................ 2-3, 5

*Halton Co. v. Streivor, Inc.*,
 No. C 10-00655, 2010 WL 2077203, at *3 (N.D. Cal. May 21, 2010) .......... 2

*Hewlett-Packard Co. v. Acceleron LLC*,
 587 F.3d 1358 (Fed. Cir. 2009) ............................................................................. 9

ii

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007)......................................................................................6

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007).......................................................................................................7

*Microchip Technology Inc. v. Chamberlain Group, Inc.*,
    441 F.3d 936 (Fed. Cir. 2006)........................................................................................9

*Pfizer Inc. v. Apotex, Inc.*,
    No. 08-cv-7231, 2010 WL 2649841 (N.D. Ill. June 30, 2010)....................................6-7

*Qarbon.com, Inc. v. eHelp Corp.*,
    315 F.Supp.2d 1046 (N.D. Cal. 2004) ...................................................................2, 3, 5

*Sorensen v. Spectrum Brands, Inc.*,
    No. 09cv58, 2009 WL 5199461 at *1 (S.D. Cal. December 23, 2009).......2-3

*Teirstein v. AGA Med. Corp.*,
    No. 6:08cv14, 2009 WL 704138 (E.D. Tex. Mar. 16, 2009).......................5-6

*Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*,
    482 F.3d 1330 (2007).....................................................................................................7

*Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*,
    520 U.S. 17 (1997),
    *on remand* 114 F.3d 1161 (Fed. Cir. 1997) ..................................................................8

TROJAN LAW OFFICES
BEVERLY HILLS

## I.   INTRODUCTION

This Court and its sister courts have made it clear that the types of feeble allegations made in Microsoft's complaint are insufficient to support a declaratory judgment action. Other than attorney argument that is in direct conflict with the case law, Microsoft simply has not explained why its anemic allegations are sufficient under the pleading standard of Rule 8 as clarified in *Twombly* and *Iqbal*.

Furthermore, Microsoft has failed to show the existence of an actual controversy because it fails to show how its TellMe system, which is only a part of American Express's IVR system, confers standing upon Microsoft to bring this action where Phoenix only accused American Express's IVR system as a whole of infringing specific patent claims directed to the system as a whole.

## II.   ARGUMENT

### A.   Microsoft's Complaint Fails to Meet the Fair Notice Requirement of Rule 8 and Should Be Dismissed Under Rule 12(b)(6)

Microsoft's declaratory judgment claims for non-infringement and invalidity fail to meet the fair notice requirement of Rule 8(a)(2) because they are wholly conclusory without any supporting facts whatsoever. In alleging non-infringement and invalidity, Microsoft's Complaint provides nothing but bare assertions that "[t]he IVR services Microsoft provides for American Express do not infringe, have not infringed, and cannot infringe, directly, by inducement or contributorily, any claim of the patents-in-suit" and that "[o]ne or more claims of the [patent-in-suit]

1

are invalid for failure to meet one or more of the requirements of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112." *See* the Complaint, ¶¶ 25, 28-43.

This Court and its sister courts have consistently held that these types of conclusory allegations are insufficient to support a declaratory judgment action and must be dismissed under Rule 12(b)(6). *See, e.g., Frank M. Weyer, et al. v. Myspace, Inc., et al.*, Case No. 2:10-cv-00499-MRP-FFMx, Docket Entry No. 23 (Order Regarding Motion to Dismiss)("*Myspace*"); *Sorensen v. Spectrum Brands, Inc.*, No. 09cv58, 2009 WL 5199461 at *1 (S.D. Cal. December 23, 2009); *Qarbon.com, Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1050-51 (N.D. Cal. 2004); *Grid Systems Corp. v. Texas Instruments Inc.*, 771 F.Supp. 1033, 1041-42 (N.D. Cal. 1991); *Elan Microelectronics Corp. v. Apple, Inc.*, C 09-01531 RS, 2009 WL 2972374, at *2-3 (N.D. Cal. Sep. 14, 2009); *Halton Co. v. Streivor, Inc.*, No. C 10-00655, 2010 WL 2077203, at *3 (N.D. Cal. May 21, 2010). In particular, this Court in *Myspace* has clearly instructed that all claims, other than a complaint for direct infringement of a patent for which Form 18 provides a model, are required to be supported by sufficient facts to survive a motion to dismiss. A sister District Court in *Elan* dismissed counterclaims that consist of "nothing more than a bare assertion, made 'on information and belief that Elan 'has been and is currently, directly and/or indirectly infringing, in violation of 35 U.S.C. § 271' the specified

2

patents 'through its design, marketing, manufacture and/or sale of touch sensitive input devices or touchpads, including but not limited to the Smart-Pad.'" 2009 WL 2972374, at *2.

Another District Court in *Sorensen* dismissed a claim for invalidity of a patent where the claim only states that "[t]he claim of the []patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112", reasoning that "[t]his threadbare statement is precisely the type of allegation that is insufficient to state a claim under the *Iqbal* standard." 2009 WL 5199461 at *1. Also, a sister District Court in *Qarbon.com* dismissed a claim for declaratory judgment of invalidity because it found the declaratory judgment claim, which merely states that the patent is invalid under the provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, to be insufficiently pled under Rule 12(b)(6). 315 F.Supp.2d at 1050. Similarly, a court in *Grid Systems* dismissed a declaratory judgment claim as radically insufficient where the claim alleges that nine patents are invalid because of a "failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and 112." 771 F.Supp. at 1042. Further, the court in *Grid Systems* found that the sweeping allegation stating that all of the patents are invalid for "one or more" of the reasons stated fails to meet the "fair notice" requirement of Rule 8. *Id*. at 1041. As evidenced by these cases, Microsoft's bald allegations of invalidity or non-infringement have been repeated dismissed under Rule 8 by sister courts. Microsoft does not begin to describe or

3

explain what hardware or software is encompassed by the generic term "IVR Services" alleged in the Complaint. This nebulous description of the alleged item of controversy also does not provide even a hint of factual specifics of how such "IVR Services" purportedly do not infringe the nine claims addressed by Phoenix in its letter to American Express. There is no reason that such a skeletal complaint should survive dismissal in this case.

In direct conflict with the above decisions, Microsoft argues that the pleading standard for a complaint for direct infringement as shown in Form 18 should equally apply to its declaratory judgment claims of non-infringement and invalidity. *See* Microsoft's Opposition, pp. 19-21. However, this Court in *Myspace* clearly distinguished the pleading standard for a complaint for a direct infringement from the pleading standard for any other claims, instructing that claims other than a complaint for direct infringement must contain sufficient factual matter and be pleaded in accordance with the requirements of Rule 8(a)(2) as interpreted by *Twombly* and *Iqbal* since Form 18 provides a model only for a complaint for direct infringement. *See Myspace*, pp. 4 and 6-7. This Court in *Myspace* dismissed plaintiffs' indirect and willful infringement claims exactly "[b]ecause Form 18 does not provide a model for indirect or willful infringement claims, the Court is not required by Rule 84 to accept conclusory allegations as sufficient", and, therefore, "the Court does require claims of indirect and willful infringement to be pleaded in

4

accordance with the requirements of Rule 8(a)(2) as interpreted by *Twombly* and *Iqbal*." *See id.* at 6-7. Microsoft entirely fails to explain how its skeletal allegations of non-infringement and invalidity can survive under this Court's holding in *Myspace*. Therefore, the declaratory judgment action must be dismissed in its entirety.

Unable to dispute Phoenix's position, Microsoft makes the argument that two of the cases Phoenix cites in its motion – *Qarbon.com* and *Grid Systems* – were both decided before *Twombly* and *Iqbal*. *See* Microsoft's Opposition, p. 20. Microsoft does not dispute that these two cases are still valid. The fact that these two cases were decided before *Twombly* and *Iqbal* does not undermine Phoenix's position. Rather, it shows that the courts have consistently applied, before and after *Twombly* and *Iqbal*, the correct pleading standard, which was reaffirmed by the Supreme Court in *Twombly* and *Iqbal*.

Further, unable to dispute the clear law from this Court and its sister courts, Microsoft makes an extremely strained attempt to rely on three district court cases of other states, *Teirstein v. AGA Med. Corp.*, No. 6:08cv14, 2009 WL 704138 (E.D. Tex. Mar. 16, 2009), *Pfizer Inc. v. Apotex, Inc.*, No. 08-cv-7231, 2010 WL 2649841 (N.D. Ill. June 30, 2010), and *Elan Pharma Int'l Ltd. v. Lupin Ltd.*, No. 09-1008 (JAG), 2010 WL 1372316 (D. N.J. Mar. 31, 2010), none of which are binding on this Court. *See* Microsoft's Opposition, pp. 17 and 20-21. The holding and

5

reasoning of each district court in each of the three non-binding cases were largely based on local patent rules, which do not apply to this Court. *See id.* at 17; *Pfizer*, 2010 WL 2649841, at *15; *Teirstein*, 2009 WL 704138, at *5; *Elan*, 2010 WL 1372316, at *5.

Moreover, *Teirstein* was decided **before** *Iqbal*, relying on *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007). *See* Microsoft's Opposition, p. 17. *McZeal*, however, involved a *pro se* plaintiff, and the sole patent claim advanced by the *pro se* plaintiff in *McZeal* was a complaint for **direct** patent infringement. *See McZeal*, 501 F.3d at 1356 ("the Court concluded that the pleadings of *pro se* litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim"); *see also*, *Elan Microelectronics Corp. v. Apple, Inc.*, C 09-01531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sep. 14, 2009)("Form 18, however, only provides an example of how *direct* patent infringement may be alleged, the sole patent claim advanced by the *McZeal* plaintiff….Accordingly, neither *McZeal* nor Form 18 supports a conclusion that Apple has adequately pleaded its counterclaims."). In addition, both of *Pfizer* and *Elan* involved Abbreviated New Drug Application ("ANDA") claims under the requirements of ANDA actions, which is a very special type of patent case with its own special statutory scheme that does not apply to garden variety cases such as this.

Unquestionably, in light of the clear law from this Court and its sister courts, Microsoft's declaratory judgment must be dismissed for failing to meet the fair notice requirement of Rule 8.

### B. Microsoft Fails to Show That There Was Actual Controversy Between Microsoft and Phoenix At the Time of Filing of the Complaint

Microsoft fails to meet its burden to show that it has standing to bring this action and that the issue presented is ripe because it fails to show under all the circumstances any actual or imminent injury caused by Phoenix that can be redressed by judicial relief and that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *see also, Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330, 1338 (2007).

The only basis Microsoft asserts for its alleged existence of an actual controversy is that it has provided its TellMe technology to American Express ("Amex") for Amex's IVR system. *See* Complaint, ¶ 24; Microsoft's Opposition, pp. 2-3. Phoenix, however, accused only Amex of infringement of Phoenix's nine patent claims – claim 1 of U.S. Patent No. 7,050,977, claim 1 of U.S. Patent No. 7,277,854, claim 1 of U.S. Patent No. 6,665,640, claim 1 of U.S. Patent No. 7,139,714, claim 1 of U.S. Patent No. 7,225,125, claim 1 of U.S. Patent No. 6,615,172, claim 1 of U.S. Patent No. 6,633,846, claim 1 of U.S. Patent No.

7,555,431, and claim 1 of U.S. Patent No. 7,672,841 – because Amex took actions that completed its IVR system to cause it to infringe the nine claims of Phoenix's patents. *See* Declaration of R. Joseph Trojan submitted previously with Phoenix's motions to dismiss ("Trojan Decl."), Exh. 16 and ¶ 3.

Microsoft fails to show how TellMe, which is only a part of Amex's IVR system, confers standing to bring this action upon Microsoft where Phoenix only accused Amex's IVR system of infringing the enumerated claims that are directed to the system as a whole. Microsoft does not allege that it provided Amex with all the steps and/or elements of Amex's IVR system as covered by Phoenix's nine patent claims.

In an attempt to show an actual controversy that does not exist, Microsoft relies on Phoenix's nine claim charts that were communicated to Amex under terms of confidentiality. *See* Microsoft's Opposition, pp. 6-9. In particular, Microsoft argues that one of the claim charts discusses TellMe with respect to **some but not all** elements of the patent claim. *See id.* This is not a sufficient basis for creating an actual controversy between Microsoft and Phoenix in light of the established law that each and every element of a patent claim must be present in the accused product in order for the patent claim to be infringed. *See Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17 (1997), *on remand* 114 F.3d 1161 (Fed. Cir. 1997). If it were sufficient, then any company who provides any

8

component that ends up in an infringing system could effectively sue on behalf of the owner of the entire system. That is not the law, and such an extreme expansion of the law is not warranted.

Unable to successfully show an actual controversy, Microsoft mainly relies on two cases, *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731 (Fed. Cir. 1988), and *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358 (Fed. Cir. 2009). *See* Microsoft's Opposition, pp. 11-13. In *Arrowhead*, however, the declaratory plaintiff provided its customers with ***all*** the steps of the subject matter that the patentee alleged was covered by its patent. *See Arrowhead*, 846 F.2d at 739; *see also, Microchip Technology Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936, 943 (Fed. Cir. 2006). Also, *Hewlett-Packard* is distinguishable from the present case because in *Hewlett-Packard* the patentee took the affirmative step of twice contacting the declaratory plaintiff directly, making an implied assertion of its rights under its patent against the declaratory plaintiff's products. *See Hewlett-Packard*, 587 F.3d at 1364.

Clearly, Microsoft fails to establish that the facts of this case, when viewed objectively and in totality, show that there is declaratory judgment jurisdiction arising from an actual controversy between Microsoft and Phoenix. Accordingly, Microsoft's Complaint must be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.

### C. Microsoft's Request for Leave to Amend the Complaint Should Be Denied

Microsoft simply has not made any effort to explain why the conclusory allegations raised in its Complaint are sufficient under the pleading standard of Rule 8 as clarified in *Twombly* and *Iqbal*, or why the deficiencies in the Complaint could be cured by leave to amend. *See CIBA Vision Corp. v. De Spirito*, No. 1:09-cv-01343-JOF, 2010 WL 553233, at *10 (N.D. Ga. Feb. 10, 2010)(denying defendant's leave to amend his counterclaims on the ground that "[d]efendant simply has not made any effort to bring his counterclaims up to the standards articulated in *Twombly* and *Iqbal*.").

Further, any discovery from Phoenix directed to identifying all Microsoft customers Phoenix has accused would be entirely irrelevant to the issues of the present case and would not add anything to the facts of this case for the reasons discussed above in section B. Any such discovery would not create an actual controversy that does not exist where Microsoft fails to show how the TellMe component, which is only a part of Amex's IVR system, confers standing to bring this action upon Microsoft. Accordingly, Microsoft's request for leave to amend the Complaint should be denied and the Complaint should be dismissed with prejudice.

///

///

10

### III. CONCLUSION

For the reasons set forth above, Microsoft's Complaint must be dismissed.

                                        Respectfully submitted,
                                        TROJAN LAW OFFICES
                                        by

Dated: July 26, 2010          /s/R. Joseph Trojan
                                        R. Joseph Trojan
                                        Attorney for Defendant, Phoenix Solutions, Inc.

11