# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **Microsoft Corporation** | Case No. 10-cv-03846 MRP (SSx) |
| *Plaintiff,* | **Stipulated Protective Order** |
| *v.* | |
| **Phoenix Solutions, Inc.** | |
| *Defendant.* | |
| and **Related Counterclaims** | |

# PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Federal Rule of Civil Procedure 26(c), it is hereby ORDERED THAT:

## 1.   Definitions

1.      "Party": any party to this action or a subsidiary thereof, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.      "Non-Party": any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.      "Material": all information, documents, testimony, and things (regardless of how it is generated, stored or maintained), produced, served or otherwise provided in this action by the Parties or by Non-Parties.

4.      "CONFIDENTIAL" Material: Material that the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.

5.      "OUTSIDE COUNSEL EYES ONLY" Material: extremely sensitive "CONFIDENTIAL Material," disclosure of which to another Party

or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

6.      "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" Material: extremely sensitive "Confidential Material" representing computer code software flowcharts, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, including, without limitation: computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and other documents which provide the same definition or detailed description of the algorithms or structure of software or hardware designs. Existence of the "OUTSIDE COUNSEL ONLY – SOURCE CODE" designation, or any provision in this Order, does not by itself create an obligation to produce SOURCE CODE as part of this litigation

7.      "Designated Material": Material that is designated "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" under this Order.

8.      Designating Party": a Party or Non-Party that designates information, documents, or things (regardless of how it is generated, stored or maintained) as "CONFIDENTIAL", "OUTSIDE COUNSEL EYES ONLY", or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" under this Order.

9.      "Producing Party": a Party or Non-Party that produces Material in this action.

10.     "Receiving Party": a Party that receives Material from a Producing Party.

11.     "Challenging Party": a Party or Non-Party that challenges the designation of Material as "CONFIDENTIAL," "OUTSIDE COUNSEL

EYES ONLY," or "OUTSIDE COUNSEL ONLY – SOURCE CODE" under this Order.

12.     "Outside Counsel of Record": attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

13.     "House Counsel": attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

14.     "Counsel" (without qualifier): Outside Counsel of Record and/or House Counsel.

15.     "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Outside Counsel of Record to serve as an expert witness or as a consultant in this action, and who is not a current employee of a Party or of a competitor of a Party, and who at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party.

16.     "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating or interpreting; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained by Outside Counsel of Record in this action. This definition includes professional jury or trial consultants retained in connection with this litigation, and mock jurors retained by such consultants to assist

them in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

## 2. Scope

17.     The protections conferred by this Order cover not only Designated Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, and any testimony, conversation, or presentations by a Party or their Counsel that might reveal Designated Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of the disclosure to a Receiving Party or becomes part of the public domain at the time of disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, or the Court's deadlines provided in the Scheduling Order or any other Order. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, and the Court's deadlines provided in the Scheduling Order.

### 3.   Access to Designated Material

18.    Access to CONFIDENTIAL Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Material designated "CONFIDENTIAL" only to the following:

a)    Persons who appear on the face of Designated Material as an author, addressee or recipient thereof or the original source of the information contained therein, provided that the person authorized to view Designated Material under this sub-paragraph a) shall not retain or be given copies of any Designated Material;

b)    Outside Counsel of Record;

c)    Employees of a Receiving Party who are responsible for providing oversight of, or assistance in, the litigation, including House Counsel, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A; however, as to Designated Material from third parties, absent a court order or agreement of the third party, Designated Material from third parties may not be disclosed to employees of a Receiving Party;

d)    Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

e)    Witnesses at deposition and/or trial to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

f)      The Court and its personnel;

g)      Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

h)      Court reporters and videographers employed in connection with this case; and

i)      Professional Vendors to whom disclosure is reasonably necessary for this litigation, and a representative of which has signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

19.      Access to "OUTSIDE COUNSEL EYES ONLY" Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Material designated "OUTSIDE COUNSEL EYES ONLY" only to the following, in addition to those identified in Paragraphs 34 and 35 below regarding use of Designated Material at depositions:

a)      Persons who appear on the face of Designated Material as an author, addressee or recipient thereof or the original source of the information contained therein, provided that the person authorized to view Designated Material under this sub-paragraph a) shall not retain or be given copies of any Designated Material;

b)      Outside Counsel of Record;

c)      Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

d)      The Court and its personnel;

e)      Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staffs, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

f)      Court reporters and videographers employed in connection with this case; and

g)      Professional Vendors to whom disclosure is reasonably necessary for this litigation, and a representative of which has signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

20.     Access to "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Material designated "OUTSIDE COUNSEL EYES ONLY - SOURCE CODE" only to the following, in addition to those identified in Paragraphs 34 and 35 below regarding use of Designated Material at depositions:

a)      Persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

b)      Outside Counsel of Record;

c)      Up to two (2) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

d)      The Court and its personnel;

e)      Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staffs, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

f)      Court reporters and videographers employed in connection with this case; and

g)      Professional Vendors to whom disclosure is reasonably necessary for this litigation, and a representative of which has signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

21.     Each person to whom Designated Material may be disclosed, and who is required to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, shall do so, prior to the time such Designated Material is disclosed to him or her. Counsel for a Party who makes any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall provide copies to Counsel to all other Parties at the termination of this action.

22.     At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed. Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Material. Any Party intending to disclose or discuss Designated Material at pre-trial or trial proceedings must give at least one (1) day advance notice to assure the implementation of the terms of this Protective Order.

## 4.   Access By Outside Consultants

23.     Notice. If a Receiving Party wishes to disclose another Party's or Non-Party's Designated Material to any Outside Consultant, such Receiving Party must provide notice to Counsel for the Designating

Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with any of the Parties; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last seven (7) years; (g) a signed copy of the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A; and (h) a list of all non-confidential employment or consultations the expert has had in the preceding four (4) years. To the extent that there is a confidential employment or consultation arrangement, the Receiving Party shall disclose, to the extent possible without violating any confidentiality obligations, (i) the industry in which the relationship(s) took place, (ii) the general technology involved, (iii) the dates of the relationship(s), (iv) a statement of whether the relationship(s) was with a competitor of any other Party, and (v) any non-confidential information available about the relationship(s) that would describe or tend to describe the circumstances of the relationship(s). If any of the information in (i) through (v) above cannot be disclosed because of confidentiality obligations, the Receiving Party must identify which category or categories of information is or are not being disclosed. The original of each such notice shall be maintained by Counsel proposing to disclose Designated Material to the Outside Consultant. A Party proposing such Outside Consultant shall respond within three (3) Court days to any reasonable request for additional information regarding the employment or consulting relationships or other professional activities of the proposed Outside Consultant.

24.     Objections. The Designating Party shall have five (5) Court days from receipt of the notice specified in Paragraph 23 to object in writing to such disclosure (plus three (3) extra days if notice is given

other than by hand delivery, e-mail transmission or facsimile transmission). Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 5-day (plus 3-days, if appropriate) period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within the 5-day (plus 3- days, if appropriate) period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order. In the event the Designating Party makes a timely objection, the parties shall promptly meet and confer to try to resolve the matter by agreement. If the parties cannot reach an agreement, the objecting Designating Party may, within three (3) Court days following the meet and confer, file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant, or for other appropriate relief. If the objecting Designating Party fails to file a motion for protective order within the prescribed period, any objection to the disclosure of Designated Material to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such Outside Consultant pursuant to the terms of this Order. If the objecting Designating Party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court, or by the consent of the objecting Designating Party, whichever occurs first.

## 5.   Production of OUTSIDE COUNSEL EYES ONLY – SOURCE CODE Material

25.     Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, SOURCE CODE designated as

"OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" shall only be provided on standalone computers (that is, computers not connected to a network, Internet or a peripheral device) or hard drives and shall not be loaded on any computer connected to a network, Internet or peripheral device, and the computers and hard drives shall contain security software enabling only authorized users to access this material. The Parties may meet and confer with regard to the inclusion of any source code review / analysis software and any SDK's or other software products to be included on the stand-alone computers that allow the SOURCE CODE to be reasonably reviewed and searched. In no event shall any review software be permitted to edit or alter the SOURCE CODE. The Receiving Party shall not copy, remove, or otherwise transfer any portion of the SOURCE CODE onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any SOURCE CODE review, but only to ensure that there is no unauthorized recording, copying, or transmission of the SOURCE CODE.

26.     The Producing Party will produce the relevant SOURCE CODE in its entirety (i.e., all code necessary for compilation) in computer searchable format pursuant to the provisions in Paragraph 25 above, but need not produce in executable format absent a specific request from the Receiving Party which a Receiving Party will only make when necessary. Under no circumstances will the SOURCE CODE be compiled into executable code by the Receiving Party.

27.     Upon three (3) full business days notice, SOURCE CODE, to the extent requested with particularity by the Receiving Party and agreed to be provided by the Producing Party, shall be made available at: (1) an office of the Producing Party's Outside Counsel of Record; (2) a

Producing Party's place of business; or (3) another mutually agreed upon location. Any location under (1) (2), or (3) above shall be in the continental Untied States. The Requesting Party must make its best efforts to restrict its access to normal business hours (9:00 a.m. through 5:00 p.m. local time).

28.     OUTSIDE CONSULTANTS approved to view "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" Material may take notes of their inspection of "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" Material, and may take the notes with them from the secure room, but cannot use the notes to prepare literal transcriptions of the SOURCE CODE. Any and all notes or other documents, including any reports(s) or any portions of any report(s) prepared by the OUTSIDE CONSULTANT as a result of the inspection, shall be designated "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE." Any deposition testimony concerning either Parties' SOURCE CODE shall also be designated as "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE."

29.     Outside Counsel of Record for the Receiving Party shall maintain a SOURCE CODE log containing the following information: (1) the identity of each person granted access to the SOURCE CODE in either electronic or paper form; (2) each date when such access was granted; and (3) each paper copy made of any portion of the SOURCE CODE. The Receiving Party shall maintain an updated version of the SOURCE CODE log and shall provide a current copy of that log to the Producing Party as reasonably requested.

30.     The Receiving Party may request paper copies of limited portions of SOURCE CODE that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes

of reviewing the SOURCE CODE other than electronically as set forth in paragraph 25 in the first instance. The entire SOURCE CODE or an unnecessarily large portion of the SOURCE CODE shall not be printed. The Producing Party may challenge the amount of SOURCE CODE requested in paper copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 45.

31.    The Party receiving printed paper copies of any SOURCE CODE designated as "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" must always keep the paper copies at: (a) the office of the Receiving Party's Outside Counsel of Record; (b) the offices of Outside Consultants approved to access "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" Material; (c) the site where any deposition of a person authorized to view "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" Material is taken; (d) the Court; and (e) any intermediate location necessary to transport the SOURCE CODE to a hearing, trial or deposition. The Receiving Party bears the responsibility of ensuring that any paper copies of SOURCE CODE kept at one of the locations listed in (a)-(e) above, are kept in a secured, locked container when not in use. Paper copies of SOURCE CODE designated as "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" shall include Bates number and the confidentiality label "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE." The Receiving Party shall not create any electronic or other images of the paper copies, and shall not convert any of the information contained in the paper copies into any electronic format. Notwithstanding the preceding sentence, to the extent the Receiving Party seeks to convert limited portions of SOURCE CODE reasonably necessary for use in a demonstrative exhibit for a court proceeding, the Receiving Party must provide notice of the specific portions to be converted to the

Producing Party at least three (3) Court days before the conversion. Any electronic file containing converted "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day, and must not be given to, or left with, a court reporter or any other individual. To the extent the Receiving Party seeks to include reasonably necessary, limited portions of paper copies in a court filing, pleading, expert report, or material used in a court proceeding, the Receiving Party must provide notice of the specific portions to be included to the Producing Party at least three (3) Court days before the inclusion. Either Party may make the produced paper copies of "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" Material available at trial as an exhibit. Portions of the paper copies may be offered into evidence only with a motion to seal. Wherever possible, the party offering such paper copies into evidence shall limit the portions of the "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" Material that are filed to those that are relevant to the issue for which such paper copies are being offered. Upon proper motion, the Court may seal any such Material once it is made a part of the record. Any portions of such paper copies that are not offered into evidence at trial will be withdrawn before the close of evidence, and will be immediately destroyed.

**6.   Prosecution Bar**

32.     Unless otherwise agreed to in writing by a Producing Party, any individual affiliated with the Receiving Party, including, but not limited to, Outside Consultants, House Counsel and Outside Counsel of Record (including, but not limited to, Grant E. Kinsel, Michael J. Song, R. Joseph Trojan, William Wong, and J. Nicholas Gross), who personally receives any Material designated "CONFIDENTIAL," OUTSIDE - COUNSEL

EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE," shall not be involved in the prosecution of patents or patent applications relating to speech recognition, speech processing or natural language processing technology, including, but not limited to, interactive voice response products or services and products or services that use speech recognition on mobile devices. Further, Outside Consultants, House Counsel and Outside Counsel of Record (including, but not limited to, Grant E. Kinsel, Michael J. Song, R. Joseph Trojan, William Wong, and J. Nicholas Gross) who personally receives any Material designated "CONFIDENTIAL," OUTSIDE - COUNSEL EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE," shall not be involved in the prosecution of patents or patent applications for the Parties, or the named inventors of the patents-in-suit (including, but not limited to, Ian Bennett), regardless of the technology area. This Prosecution Bar shall apply to the patents asserted in this action, any reissue or reexamination proceeding for the patents asserted in this action, and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office (the "Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. This Prosecution Bar shall begin when access to CONFIDENTIAL, OUTSIDE COUNSEL EYES ONLY, OR OUTSIDE COUNSEL EYES ONLY-SOURCE CODE information is first received by the affected individual and shall end two (2) years after final termination of this action.

## 7.   Use Of Designated Material

33.     Use Of Designated Material By Receiving Party. Unless otherwise ordered by the Court, or agreed to in writing by the Parties, all Designated Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this litigation, and shall not be used in any other way, or for any other purpose. Information contained or reflected in Designated Material shall not be disclosed in conversations, presentations by Parties or Counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

34.     Use Of Designated Material By Designating Party. Nothing in this Order shall limit any Designating Party's use of its own Material nor shall it prevent the Designating Party from disclosing its Material to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the Material.

35.     Use of Designated Material at Depositions. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial, and may testify concerning all Designated Material of which such person has prior knowledge, without in any way limiting the generality of the following:

a)     A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Producing Party may be examined, and may testify concerning all Designated Material which has been produced by that Party;

b)     A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify

concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her employment; and

c)      Non-Parties may be examined or testify concerning any document containing Designated Material of a Producing Party which appears on its face, or from other documents or testimony, to have been received from, or communicated to, the Non-Party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party. Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order, shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A. In the event that such attorney declines to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" prior to the examination, the Parties, by their Outside Counsel of Record, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

36.      A witness who previously had access to Material designated "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE," but who is not under a present nondisclosure agreement with the Producing Party that covers that Material, may be

shown the Material if the witness is advised on the record of the existence of this Order and that this Order requires the Parties to keep confidential any questions, testimony or documents that are designated as "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE." The witnesses may not copy, take notes on or retain copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any exhibit that is marked "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE." The Producing Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the Counsel representing a Party in this case (or another firm acting for one of the Counsel representing a Party in this case and under the supervision of one of the lawyers who is bound by the terms of this Order). The restrictions in this paragraph apply only to a witness who is not subject to this Order.

**8.   Procedure for Designating Materials**

37.   Subject to the limitations set forth in this Order, a Designating Party may only: designate as "CONFIDENTIAL" information that the Designating Party believes, in good faith, meets the definition set forth in Paragraph 4 above; designate as "OUTSIDE COUNSEL EYES ONLY" information that it believes, in good faith, meets the definition set forth in Paragraph 5 above; and designate as "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" information that it believes, in good faith, meets the definition set forth in Paragraph 6 above.

38.     Except as provided above in Section 5 with respect to "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" Material, any Material made available for initial inspection by Counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "OUTSIDE – COUNSEL EYES ONLY" information, and shall be subject to the terms of this Order. Thereafter, the Producing Party shall have ten (10) Court days from the inspection to review and designate the appropriate Material as "CONFIDENTIAL" or "OUTSIDE COUNSEL EYES ONLY."

39.     Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be designated in accordance with this Section 8 before the material is disclosed or produced.

40.     Designation in conformity with this Order requires:

a)     For Material in documentary form (apart from transcripts of depositions, or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE," on each page that contains Designated Material;

b)     For testimony given in deposition, or in other pre-trial or trial proceedings, the Designating Party shall specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE." In the case of depositions, the Designating Party may also designate any portion of a deposition transcript as "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "COUNSEL EYES ONLY – SOURCE CODE" by informing the reporter, and opposing Parties, in writing, within thirty (30) calendar days of receipt of the

deposition transcript, of the designations to be applied. All deposition transcripts not marked at least "CONFIDENTIAL" during the deposition will nonetheless be treated as "CONFIDENTIAL" until the thirty (30) day period has expired. Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE;" and

c)     For Material produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored, the legend "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE."

## 9. No Waiver of Privilege

41.     Inspection or production of Material shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, if, after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such Material as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity, and requests in writing return of such Material to the Producing Party. Upon request by the Producing Party, the Receiving Party shall immediately retrieve and return all copies of such inadvertently produced Material. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

## 10. Inadvertent Failure To Designate

42.     An inadvertent failure to designate qualified Material as "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE," does not, standing alone, waive the Designating Party's right to secure protection under this Order for such Material. Upon discovery of an inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing that the Material is to be designated as "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE." Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the Material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide substitute copies of Material bearing the confidentiality designation.

## 11. Filing Designated Material

43.     Any document filed with the Court that reveals any Designated Material shall be done in accordance with Local Rule 79-5. In the event the court denies the request to file said Designated Material under seal, the parties shall continue to treat the Designated Material in all other respects as Designated Material governed under this Order.

## 12. Challenges to Confidentiality Designations

44.     The Parties shall use reasonable care when designating Material as "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE." Nothing in this Order shall prevent a Receiving Party from contending that any or all Material designated as "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE," have been improperly designated. A Receiving Party may, at any time, request

that the Producing Party cancel or modify the confidentiality designation with respect to any Material contained therein.

45.     A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on Outside Counsel of Record for the Producing Party, and shall identify particularly the Material that the Receiving Party contends should be differently designated. If such negotiation fails to resolve the dispute within five (5) Court days of receipt of the written notice, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37. If the Parties wish to file a Joint Stipulation, required by Local Rule 37, under seal, the parties may file a stipulation to that effect or the moving Party may file an ex parte application making the appropriate request. The Parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal. The information shall remain as designated until the Court has ruled upon the motion or the Parties have agreed otherwise. Any order requiring disclosure shall be drawn as narrowly as possible to protect the interests of all Parties concerned.

## 13.  Protected Material Subpoenaed or Ordered Produced In Other Litigation

46.     If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Material designated in this action as "CONFIDENTIAL," "OUTSIDE COUNSEL EYES ONLY," or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE," the Receiving Party must so notify the Designating Party, in writing promptly, and in no

event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the Material covered by the subpoena or order is subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 14. Unauthorized Disclosure Of Designated Material

47.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 15. Non-Party Use of this Protective Order

48.     A Non-Party that produces Material voluntarily, or pursuant to a subpoena or a court order, may designate such Material in the same manner, and shall receive the same level of protection under this Protective Order, as any Party to this lawsuit.

49.     A Non-Party's use of this Protective Order to protect its "CONFIDENTIAL" Material, "OUTSIDE COUNSEL EYES ONLY" Material, or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" Material, does not entitle that Non-Party access to "CONFIDENTIAL" Material, "OUTSIDE COUNSEL EYES ONLY" Material, or "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" Material, produced by any Party in this case.

## 16. Discovery from Outside Consultants

50.     Testifying experts' draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes or outlines of draft reports that the testifying expert prepared in other cases, be subject to discovery in this case; provided, however, that the total number of hours billed by each expert and the total compensation received by each expert for his or her work on this matter are discoverable.

51.     Discovery of Materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify, except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon

such information, opinions or other materials in forming his or her final report, trial or deposition testimony or any opinion in this case.

52.     No conversations or communications between Outside Counsel of Record, or individuals acting on its behalf, and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case.

53.     Expert reports, a schedule showing each expert's billing rate, total number of hours billed on this matter and total billings (to be supplemented before trial), and any non-work product Material the experts relied on will be produced on the date expert disclosures are due. To the extent any such Material has been previously produced in the litigation, production of a schedule listing such Material by Bates number and/or other information sufficient to identify the Material and its location is sufficient.

54.     Materials, communications and other information exempt from discovery under the foregoing Paragraphs shall be treated as attorney work product for the purposes of this litigation and this Order.

## 17. Communications between Party and Outside Counsel of Record

55.     Privileged or protected communications or materials transmitted between a Party and its Outside Counsel of Record subsequent to the initiation of this Case need not be recorded on the Party's privilege log in this Case except upon a showing of good cause by a Party, and upon an Order of this Court.

## 18. Duration

56.     Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 19. Final Disposition

57.     Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this action, each Receiving Party must destroy or return all Designated Material to the Producing Party. As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material. The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline. Notwithstanding this provision, Outside Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section 18 (Duration), above.

## 20. Miscellaneous

58.     This Order is entered without prejudice to the right of any Party to apply to the Court at any time for modification of this Order,

when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any Material on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the Material covered by this Protective Order. The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

59.     This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

IT IS SO ORDERED

Dated: April 1, 2011

_____
Hon. Mariana R. Pfaelzer