R. Joseph Trojan  CA Bar No. 137,067
trojan@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   310-777-8399
Facsimile:   310-777-8348

Attorneys for Defendant,
PHOENIX SOLUTIONS, INC.

Grant Kinsel, Bar No. 172407
gkinsel@perkinscoie.com
Michael Song, Bar No. 243675
msong@perkinscoie.com
**PERKINS COIE LLP**
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile 310.788.3399

Stacy Quan, Bar No. 138191
stacy.quan@microsoft.com
**MICROSOFT CORPORATION**
One Microsoft Way
Redmond, WA 98052
Telephone: 425.882.8080

Attorneys for **MICROSOFT CORPORATION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

CASE NO. CV 10-03846 MRP (SSx)

JOINT STIPULATION RE
MOTIONS TO COMPEL

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington company,<br><br>        Plaintiff,<br><br>v.<br><br>PHOENIX SOLUTIONS, INC., a Maryland company,<br><br>        Defendant. | CASE NO. CV 10-03846 MRP (SSx)<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION REGARDING PHOENIX'S MOTION TO COMPEL FURTHER RESPONSES TO PHOENIX'S FIRST SET OF INTERROGATORIES**<br><br>Hearing:     June 20, 2011, 10 a.m.<br>                 Courtroom 12<br><br>Hon. Mariana R. Pfaelzer |
| PHOENIX SOLUTIONS, INC., a Maryland company,<br><br>        Counter-claimant,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington company,<br><br>        Counter-defendant. | Discovery Cut-Off:  Not set<br>Pretrial Conference:  Not set<br>Trial Date:          Not set |

**PUBLICLY FILED VERSION**

TROJAN LAW OFFICES
BEVERLY HILLS

41826-
3016/LEGA
L20938722.2

1

# **TABLE OF CONTENTS**

I.      Phoenix's Introductory Statement .................................................................. 1

II.     Phoenix's Introductory Statement Relating to Microsoft's Motion to Compel ........................................................................................................... 2

III.    Microsoft's Introductory Statement ............................................................. 4

IV.    Phoenix's Motion to Compel Further Response to Interrogatory No. 7 ...... 7

A.    Phoenix's Contentions with Respect to Interrogatory No. 7 ....................... 8

1.    Microsoft's Boilerplate Objections are Without Merit ................................ 8

2.    Interrogatory No. 7 is Relevant to the Infringement Claims and Defenses Relating to the '977 and '846 Patents ......................................... 10

3.    Interrogatory No. 7 Constitutes One Interrogatory ................................... 14

4.    Microsoft's Objection Based on Confidentiality is Moot ........................... 14

B.    Phoenix's Proposed Resolution During the Conference of Counsel .......... 15

C.    Microsoft's Contentions With Respect to Interrogatory No. 7 ................... 16

1.    Interrogatory No. 7 is vague, ambiguous and overbroad. .......................... 16

2.    Interrogatory No. 7 is irrelevant to Microsoft's Motions for Summary Judgment. ................................................................................................... 17

3.    Customer lists relate at most to damages. .................................................. 18

4.    Interrogatory No. 7 contains multiple subparts. ........................................ 18

5.    Microsoft's confidentiality objection is not moot. ..................................... 18

6.    Interrogatory No. 7 is still Irrelevant and Overbroad in Light of Phoenix's Last-Minute Proposed Narrowing. ............................................ 19

D.    Microsoft's Proposed Resolution During the Conference of Counsel ....... 20

IV.    Phoenix's Motion to Compel Production Responsive to Request No. 3 ... 21

A.    Phoenix's Contentions With Respect to Document Request No. 3 ............ 22

i

1.   Document Request No. 3 is Relevant to the Infringement Claims and Defenses Relating to the '977 and '846 Patents ........................................... 22

2.   Microsoft's Boilerplate Objections are Without Merit ............................... 22

3.   Microsoft's Objection Based on Confidentiality is Moot ........................... 23

B.   Phoenix's Proposed Resolution During the Conference of Counsel .......... 24

C.   Microsoft's Contentions With Respect to Document Request No. 3 ......... 24

1.   Request No. 3 relates solely to willful infringement ................................. 24

2.   Request No. 3 is vague, ambiguous, and overbroad. ................................ 24

3.   Microsoft   properly   preserved   its   privilege,   possession   and confidentiality objections. ........................................................................... 25

4.   Request No. 3 is still Irrelevant and Overbroad in Light of Phoenix's Last-Minute Proposed Narrowing. .............................................................. 25

D.   Microsoft's Proposed Resolution During the Conference of Counsel ....... 27

V.   Phoenix's Motion to Compel Production Responsive to Request No. 4 ... 27

A.   Phoenix's Contentions With Respect to Document Request No. 4 ............ 28

1.   Document Request No. 4 is Relevant to the Infringement Claims and Defenses Relating to the '977 and '846 Patents ........................................... 28

2.   Microsoft's Boilerplate Objections are Without Merit ............................... 29

3.   Microsoft's Objection Based on Confidentiality is Moot ........................... 32

B.   Phoenix's Proposed Resolution During the Conference of Counsel .......... 32

C.   Microsoft's Contentions With Respect to Document Request No. 4 ......... 34

1.   Request   No.   4   is   irrelevant   to   Microsoft's   Motions   for   Summary Judgment. .................................................................................................... 34

2.   Request No. 4 seeks irrelevant information. ............................................. 34

3.   Request No. 4 is still Irrelevant and Overbroad in Light of Phoenix's Last-Minute Proposed Narrowing. .............................................................. 35

D.   Microsoft's Proposed Resolution During the Conference of Counsel ....... 37

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28


TROJAN LAW OFFICES
BEVERLY HILLS

41826-
3016/LEGA
L20938722.2

VI.    Phoenix's Motion to Compel Production Responsive to Request No. 6 ... 37

A.     Phoenix's Contentions With Respect to Document Request No. 6 ............ 38

1.     Document Request No. 6 is Relevant to the Infringement Claims and Defenses Relating to the '977 and '846 Patents ........................................ 38

2.     Microsoft's Boilerplate Objections are Without Merit ............................... 40

3.     Microsoft's Objection Based on Confidentiality is Moot ........................... 41

B.     Phoenix's Proposed Resolution During the Conference of Counsel ......... 42

C.     Microsoft's Contentions With Respect to Document Request No. 6 ......... 42

1.     Request No. 6 Is Overbroad and Seeks Privileged Material ..................... 42

2.     Request No. 6 is still Irrelevant and Overbroad in Light of Phoenix's Last-Minute Proposed Narrowing .............................................................. 43

D.     Microsoft's Proposed Resolution During the Conference of Counsel ....... 45

VII.   Phoenix's Conclusion .................................................................................. 45

VIII.  Microsoft's Conclusion ................................................................................ 45

TROJAN LAW OFFICES
BEVERLY HILLS

41826-
3016/LEGA
L20938722.2

iii

1

2      Pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 37(a) and Local

3   Rule 37-2.1, Defendant Phoenix Solutions, Inc. ("Phoenix") and Plaintiff Microsoft

4   Corporation ("Microsoft") submit the following joint stipulation regarding

5   Phoenix's Motion to Compel further responses to Phoenix's First Set of

6   Interrogatories and First Set of Requests for Documents.  Pursuant to Local Rule

7   37-1, Phoenix and Microsoft conferred in good faith during a pre-filing

8   teleconference on April 6, 2011 in an attempt to resolve the disputes without court

9   action, and spoke informally regarding these issues several times thereafter.  *See*

10  Declaration of R. Joseph Trojan ("Trojan Decl."), Ex. 1; Ex. 2.  These attempts

11  failed and this motion follows.

12  **I.     PHOENIX'S INTRODUCTORY STATEMENT**

13      This stipulation arises from Microsoft's refusal to produce responsive

14  answers and documents to Phoenix's First Set of Interrogatories and First Set of

15  Requests for Documents.  For the purposes of this motion to compel, the scope of

16  discovery is unique in that the Court ordered an expedited summary judgment

17  briefing schedule as to two of the patents in suit, U.S. Patent No. 7,050,977 (the

18  "'977 patent") and U.S. Patent No. 6,633,846 (the "'846 patent"), thereby limiting

19  the scope of discovery at this stage of the litigation to these two patents.  *See* DE

20  49, 50.

21      Microsoft also contends that the Court's February 3, 2011 orders further limit

22  the scope of discovery *only* to issues presented in Microsoft's pending summary

23  judgment motions, yet at the same time asserts that the scope also includes the

24  issues of invalidity of the '846 and '977 patents which were *not* presented in its

25  motions.  *See* Trojan Decl., Ex. 2; Ex. 3.  Phoenix disputes Microsoft's

26  contradictory interpretation of the scope of current discovery.  Otherwise,

27  Microsoft's right to discovery would be unjustly broader in scope than Phoenix's.

28      Immediately following the issuance of the Court's orders, Phoenix



TROJAN LAW OFFICES
BEVERLY HILLS

41826-
3016/LEGA
L20938722.2

1

2   propounded its First Set of Interrogatories and Requests for Documents on

3   February 11, 2011.  *See* Trojan Decl. ¶ 2; Ex. 5.  Phoenix's discovery requests

4   directly relate to the '977 and '846 patents, the infringement claims and defenses

5   thereof, and the accused systems set forth in Phoenix's infringement contentions

6   and counterclaims.  Importantly, each request is relevant to the issues raised in

7   Microsoft's summary judgment motions.  *See, e.g.,* DE 55 at 6-10, 24-25; DE 57 at

8   4-10, 24.

9       On or about March 17, 2011, Microsoft provided inadequate responses at

10  least to Interrogatory No. 7 and Document Request Nos. 3, 4 and 6, which primarily

11  include unfounded, boilerplate objections.  Trojan Decl. ¶ 3; Ex. 6; Ex. 7.  Despite

12  Phoenix's efforts to work with Microsoft to resolve this discovery dispute,

13  Microsoft's failure to comply with its discovery obligations has left Phoenix with

14  no choice but to resolve this dispute on a motion to compel.  Microsoft's timely

15  compliance is critical here because its failure to comply will result in actual and

16  substantial prejudice to Phoenix from the denial of discovery.  Moreover,

17  considering that Microsoft requested this expedited summary judgment schedule,

18  Microsoft's needless impedance of discovery indicates bad faith.  *See* DE 73-3 at

19  28:15-17.  Phoenix respectfully requests that the Court grant an order compelling

20  Microsoft to further respond to Phoenix's Interrogatory No. 7 and Document

21  Request Nos. 3, 4, and 6.

22

23  **II.   PHOENIX'S INTRODUCTORY STATEMENT RELATING TO**

24  **MICROSOFT'S MOTION TO COMPEL**[1]

25      The parties are in agreement that, pursuant to the Court's recommendation,

26  discovery should be limited to subject matter at issue in Microsoft's pending

27

28

CASE NO. CV 10-03846 MRP (SSx)                    2                    JOINT STIPULATION RE
                                                                      PHOENIX'S MOTION TO COMPEL

TROJAN LAW OFFICES
BEVERLY HILLS

summary judgment motions.   *See* Trojan Decl., Ex. 12 at 24:3-6 (the Court recommending the parties to "agree or restrict [discovery] to the issues on the motion for summary judgment").   The concurrently filed motions to compel should be viewed in light of that limited scope.   The only real dispute concerns what information and documents fall within this scope.   Phoenix restricted its motion to compel to four discovery requests directly relevant to Microsoft's pending summary judgment motions, whereas Microsoft seeks documents and information beyond that scope.

Specifically, Phoenix's motion to compel requests information and documents relating to Microsoft's role in indirect infringement, such as Microsoft's client lists and communications with third parties to the extent they relate to the products at issue in the summary judgment motions.   Microsoft has expressly raised this issue in its summary judgment motions.   *See, e.g.*, DE 55 at 24 ("Here, Phoenix has not—and cannot—show the very first element: A third party direct infringer."); DE 57 at 24 ("As with the '846 patent, Phoenix has not—because it cannot—identify any third-party direct infringers.").   On the other hand, Microsoft's motion to compel largely seeks information relating to invalidity, which is clearly beyond the scope of the summary judgment motions.   *See, e.g.*, Ex. 12 at 24:8-11:

> MR. KINSEL:   I'm fine with [limiting discovery to the issues on summary judgment] if that means that our invalidity material has to be sidelined for the time being.
> THE COURT:  Yes, I think it does.

Moreover, Microsoft does not deny that Phoenix has already produced the non-confidential documents related to Microsoft's non-infringement summary

---

[1] Microsoft has since withdrawn its motion to compel.   However, this introductory statement is preserved to provide context to Microsoft's introductory statement, *infra*.


TROJAN LAW OFFICES
BEVERLY HILLS

judgment motions[2].  Thus, it is unclear what other relevant documents Microsoft expects to obtain that it does not already have in its possession.

## III.    MICROSOFT'S INTRODUCTORY STATEMENT

In Section II above, Phoenix finally accepts Microsoft's request, and the Court's suggestion, to limit discovery for now to the issues presented by Microsoft's motions for summary judgment. Also, after receiving Microsoft's proposed motion to compel, Phoenix finally produced some of its overdue responsive documents. Microsoft therefore elects not to file its motion to compel further documents and responses at this time.

Phoenix's agreement mooted this motion to compel. Nevertheless, Phoenix insists on proceeding even though: (1) the Court has already denied Phoenix's Rule 56(d) motion, indicating that none of Phoenix's demanded discovery has anything to do with the pending summary judgment motions; (2) the summary judgment motions have been briefed, argued, and submitted to the Court; and (3) there are no documents to compel. Microsoft believes this motion is entirely unnecessary but Phoenix has threatened to file it with a declaration of non-compliance under Local Rule 37-2.4. So Microsoft is forced to respond to this motion.

To make matters worse, Phoenix's brief is so internally inconsistent that no coherent response is possible. For example, in moving to compel a further response to Interrogatory No. 7, Phoenix states below that it has the right to discovery of "any matter, not privileged," that is relevant to a claim or defense.  Phoenix further

_____

[2] Microsoft seeks only two categories of documents: the deposition transcript of Dr. Ian Bennett and documents relating to invalidity.  The deposition transcript was produced in Phoenix's latest document production. *See* Trojan Decl. at ¶ 6.  Other non-confidential responsive documents such as invalidity and infringement contentions from past litigation were also produced during Phoenix's prior document productions. *See id*.

TROJAN LAW OFFICES
BEVERLY HILLS

claims that it has the right to discovery of further evidence of infringement, like IVR services provided to customers other than Amex, on the grounds: "These products and services are relevant to infringement claims and defenses of the '846 and '977 patents." But these other products and services were not raised by the summary judgment motions, and infringement claims and defenses are, according to Phoenix's own Section II, beyond the scope of discovery for now.  If Phoenix has actually agreed to limit discovery to summary judgment issues, then it needed to narrow substantially the scope of its requests.  Since it did not do so, its motion to compel is incoherent.[3]

Phoenix's "Second" Introduction above tries to narrow the dispute to documents pertaining to "indirect infringement." But none of the four demands is relevant to the pending (and now submitted) Motions for Summary Judgment. Phoenix has not—because it cannot—made any cogent argument that links any of the demands to documents relevant to the pending summary judgment motions. Indeed, Phoenix has already lost this fight when the Court denied Phoenix's Rule 56(d) motion based on these same discovery issues. This motion represents a second (and perhaps third) bite at the same apple.

Whether discovery is open as to all issues related to the '846 and '977 patents, or only indirect infringement as Phoenix now suggests, does not really matter because either way Phoenix's requested discovery is not relevant to anything except a fishing expedition. Phoenix demands (1) client lists, (2) internal Microsoft patent analyses, (3) all "contracts" relating to the "Accused Products," and (4) all third-party communications regarding supposed infringement. But none of these materials relate to any current claim or defense, given the Court's prior bifurcation.

***Client Lists***:   In Interrogatory No. 7, Phoenix demands that Microsoft

---

[3] Microsoft repeatedly requested that Phoenix more narrowly focus its demands, but those suggestions were rejected.  Song Decl., Exs. 1-3; Logan Decl., Exs. 1-5.



TROJAN LAW OFFICES
BEVERLY HILLS

provide lists of all of Tellme's IVR customers. Who Tellme's IVR customers are, is not relevant to *how Tellme's IVR systems work*, at least as it relates to the '846 and '977 patents, and Phoenix does not suggest otherwise. Indeed, Phoenix cannot articulate *any* plausible theory as to why Tellme's IVR customers are relevant to the patents as a whole or indirect infringement in particular. At best, this discovery could pertain to damages, but the Court has bifurcated damages.

**Internal analyses, including legal opinions:** In Request for Production No. 3, Phoenix demands that Microsoft turn over its legal opinions and other analyses regarding the patents-in-suit. Again, Phoenix offers no theory on which these documents are relevant to the patents as a whole or indirect infringement in particular. Phoenix claims that these materials are relevant to "infringement." But infringement is demonstrated by a comparison of the claims to the accused products; not by a statement in the file. Phoenix can offer no cogent reason why these analyses are currently relevant.

**All contracts:** In Request for Production No. 4, Phoenix requests all "documents relating to the negotiation of all existing, expired and/or unconsummated contracts or agreements involving the Accused Systems and/or components, sub-systems, modules and/or sub-parts of the Accused Systems." This request is grossly overbroad. Phoenix cannot say why these materials are relevant either to the patents as a whole or indirect infringement in particular, because they aren't.

**All communications with third parties:** In Request for Production No. 6, Phoenix seeks all communications with third parties regarding the patents-in-suit. Phoenix cannot explain why all documents between Microsoft and third-parties could possibly be relevant to the patents as a whole or indirect infringement in particular.

The nature of Phoenix's complaints is telling. Microsoft has produced more



TROJAN LAW OFFICES
BEVERLY HILLS

41826-
3016/LEGA
L20938722.2

than 120,000 pages of materials describing in detail each of the accused systems (as best Microsoft can interpret Phoenix's vague infringement contentions). Phoenix has *no complaint whatsoever* regarding these substantive documents. Indeed, Phoenix does not suggest that Microsoft has withheld or otherwise failed to produce documents material to Phoenix's response to the pending Summary Judgment Motions. Instead, Phoenix's motion seeks documents having nothing to do with the functionality of any of the accused products or its opposition to the motions for summary judgment, and is nothing more than an attempt to fish through Microsoft's files.

## IV. PHOENIX'S MOTION TO COMPEL FURTHER RESPONSE TO INTERROGATORY NO. 7

### Phoenix's Interrogatory No. 7

Identify all customers for whom you provide IVR services in connection with the Accused Systems.

### Microsoft's Response to Interrogatory No. 7

Microsoft objects to this interrogatory as seeking confidential or private business information, including, without limitation, trade secret, personnel, and/or competitively sensitive information. Microsoft further objects to this interrogatory as vague and ambiguous as to the terms "IVR services in connection with." Microsoft further objects to this interrogatory as overbroad and unduly burdensome as to the term "all customers."  Microsoft further objects to this interrogatory as overbroad and unduly burdensome, irrelevant to the issues in this litigation and not reasonably calculated to lead to the discovery of relevant or admissible evidence, and as violating the Court's February 3, 2011 orders (Dkt. # 49, 50) limiting the current scope of discovery to information relating to Microsoft's Motions for Summary Judgment (Dkt. # 55, 57) and invalidity of the '846 and '977 patents only.  Microsoft further objects to this interrogatory as vague and ambiguous as to the term "Accused Systems."  Microsoft further objects to this interrogatory as overbroad and unduly


TROJAN LAW OFFICES
BEVERLY HILLS

burdensome, and as violating Federal Rule of Civil Procedure 33(a)(1) limiting the number of interrogatories to twenty-five discrete subparts, as this interrogatory seeks information regarding potentially more than forty-five separately accused instrumentalities.   Microsoft further objects to this interrogatory as overbroad and unduly burdensome, and irrelevant to the issues in this litigation and not reasonably calculated to lead to the discovery of relevant or admissible evidence, as it requests information relating to accused instrumentalities and third-parties that Phoenix has not specifically identified in its Final Infringement Contentions (Dkt. # 52).   Microsoft further objects to this interrogatory as overbroad and unduly burdensome, premature, irrelevant to the issues in this litigation and not reasonably calculated to lead to the discovery of relevant or admissible evidence, and as violating the Court's oral order during the January 11, 2011 case management conference bifurcating issues of willfulness and damages from issues of liability. See Jan. 11, 2011 Hearing Transcript at 28:17-20.

Subject to the foregoing General and Specific Objections, Microsoft responds as follows: Microsoft provides IVR services, to among others, its customer, Amex.

**A.     Phoenix's Contentions with Respect to Interrogatory No. 7**

**1.     Microsoft's Boilerplate Objections are Without Merit**

Microsoft's objection that the interrogatory is overly broad and unduly burdensome as seeking "all customers" is meritless.   To prevail on its objections, the objecting party must separately object to each item or category in the request. *See* Fed.R.Civ.P.  34(b)(2)(B); *see also*  Fed.R.Civ.P. 34(b)(2)(C).   Any objection must also include specific reasons for those objections.   *See*  Fed.R.Civ.P. 34(b)(2)(B); *see also Bible v. Rio Properties, Inc.*, 246 F.R.D. 614, 619 (C.D.Cal. 2007).   Accordingly, Microsoft's objections are improper to the extent that Microsoft fails to provide any specific reasons indicating why the term "all customers" is overly broad and unduly burdensome.   The interrogatory is clearly further limited to customers "for whom [Microsoft] provide[s] IVR services in connection with the Accused Systems."

TROJAN LAW OFFICES
BEVERLY HILLS

41826-
3016/LEGA
L20938722.2

1

2    Microsoft's objection that the request is vague and ambiguous as to the terms

3    "IVR services in connection with" and "Accused Systems" is also without merit.

4    The definition of IVR is understood by the parties to mean interactive voice

5    response. IVR services are understood to be services provided by speech-enabled

6    interactive voice response systems. *See* Trojan Decl., Ex. 4 at 4.

7    Microsoft itself identified accused systems in its motion for summary

8    judgment regarding the '977 patent as the following: (1) Tellme's IVR services for

9    American Express ("Amex"); (2) Tellme's IVR services for Bing 411; (3) Bing

10   Mobile; (4) Windows Phone 7 and Windows Mobile 6.5 (collectively "Windows

11   Phone"); and (5) Microsoft's Customer Support IVRs. *See* DE 57. Microsoft

12   identified the accused systems in its motion for summary judgment regarding the

13   '846 patent as the following: (1) Tellme's IVR services for Amex; (2) Bing

14   Mobile; (3) Microsoft Speech Server software ("MSS"); (4) Microsoft's Customer

15   Support IVRs; and (5) the Ford SYNC implementation of Microsoft Auto. *See* DE

16   55.

17   Further, Phoenix defined the term "Accused Systems" to include:

18   (1) Microsoft IVR: any and all speech-enabled interactive voice response

19   ("IVR") systems developed, implemented, operated, directed or controlled by

20   Microsoft, including any and all IVR systems developed, implemented, operated,

21   directed or controlled by Microsoft for use by Microsoft's customers or for the

22   benefit of any third party, including but not limited to American Express ("Amex"),

23   American Airlines, FedEx, Cingular/AT&T, Verizon, Merrill Lynch, E*TRADE,

24   Amazon, Fandango, Domino's Pizza, Orbitz, UPS, and their customers;

25   (2) Partner IVR: any and all speech-enabled IVR systems developed,

26   implemented, operated, directed or controlled by Microsoft's partners that use the

27   Microsoft IVR for any portion of its speech recognition or natural language

28   processing. Microsoft partners include but are not limited to Gold Systems,

TROJAN LAW OFFICES
BEVERLY HILLS

41826-
3016/LEGA
L20938722.2

CASE NO. CV 10-03846 MRP (SSx)          9          JOINT STIPULATION RE
                                                    PHOENIX'S MOTION TO COMPEL

SpeechCycle, TuVox, LiveOps, Logicalis, NEC Unified Solutions, Resolvity, Voxify, Dimension Data, Quilogy, Servion, and Viecore;

(3) Support IVR: any and all speech-enabled IVR systems developed, implemented, operated, directed or controlled by Microsoft that are used by or in support of other Microsoft products, including but not limited to IVR systems used by Windows Auto, Windows Phone, and Bing Service;

(4) Windows Auto: any and all Microsoft automotive systems with speech integration, including but not limited to Windows Embedded Automotive 7; Traffic, Directions and Information; and the Microsoft platforms used by Fiat Blue&Me, Ford SYNC, Kia UVO, Daimler Car2Go, PACCAR SmartNav, Alphine Blackbird and NVE-N872A, and Pioneer PAIS;

(5) Windows Phone: mobile operating systems Windows Mobile 6.x and Windows Phone 7;

(6) Bing Service: any and all Microsoft speech-enabled services and products (including programs and applications) with web search and/or directory search capabilities, including but not limited to Bing, Bing 411, Bing Mobile, Bing Apps and Microsoft's various phone services (including those reachable at 800-246-4411, 800-225-5411, and 800-555-8355); and

(7) Microsoft Speech Server ("MSS") systems: any and all Microsoft products designed to allow the authoring and deployment of IVR applications, including but not limited to Office Communications Server 2007, Speech Server 2007, and Speech Server 2004.

*See* Trojan Decl., Ex. 4 at 4-5. Thus, this interrogatory is not vague or ambiguous.

## 2.     Interrogatory No. 7 is Relevant to the Infringement Claims and Defenses Relating to the '977 and '846 Patents

Microsoft objected to Interrogatory No. 7 as irrelevant. Phoenix is entitled to discovery of "any matter, not privileged, that is relevant to the claim or defense of

TROJAN LAW OFFICES
BEVERLY HILLS

41826-
3016/LEGA
L20938722.2

CASE NO. CV 10-03846 MRP (SSx)     10     JOINT STIPULATION RE
PHOENIX'S MOTION TO COMPEL

that party." *See* Fed.R.Civ.P. 26(b)(1).  "It is a common principle that the rules of discovery are to be broadly and liberally construed so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence."  *Willis v. Ritter*, 2007 WL 2455873, *2 (S.D.Cal. 2007) (citing Fed.R.Civ.P. 26(b)(2); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  In this case, the Court further ordered that the scope of discovery be related to the '846 and '977 patents.  *See* DE 49, 50.

Interrogatory No. 7, which seeks identification of customers that Microsoft provides IVR services in connection with the Accused Systems, is clearly relevant to the infringement claims and non-infringement defenses of the '846 and '977 patents.  Generally, Phoenix alleges that Microsoft has violated Phoenix's patent rights by specifically designing, implementing, and publicizing interactive voice response ("IVR") systems that perform natural language recognition and distributed speech recognition in a manner that infringes Phoenix's patents.  *See* DE 40.

In its summary judgment motions, Microsoft confirms that it "provides IVR services to many customers, including Amex and Bing 411" through its subsidiary Tellme Networks ("Tellme").  DE 55 at 6:3-4.  Microsoft then concludes that "[a]s it pertains to this Motion, Tellme's IVR services all work the same way," without citing any evidentiary support.  *Id.* at 6:4-5.  In effect, Microsoft is limiting its summary judgment motions to one implementation of its IVR systems as it is used by one customer, Amex, based on Microsoft's word alone that the system works the same way for every customer.  This is not the case.  As a non-limiting example, Microsoft indicates that ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

TROJAN LAW OFFICES
BEVERLY HILLS

41826-
3016/LEGA
L20938722.2          CASE NO. CV 10-03846 MRP (SSx)          11          JOINT STIPULATION RE
PHOENIX'S MOTION TO COMPEL

1

2 ██████████████████████████████████████████████████████

3 ██████████████████████████████████████████████████████

4 ██████████████████████████████████████████████████████

5 ██████████████████████████████████████████████████████

6 ████████████████████████

7      Thus, Phoenix has the right to discovery of further evidence of infringement

8 pertaining to Microsoft's IVR, *e.g.*, IVR services provided to customers other than

9 Amex and IVR services provided to mobile phone and automobile manufacturers

10 through Bing Mobile and Windows Auto.  These products and services are relevant

11 to infringement claims and defenses of the '846 and '977 patents.  Accordingly, the

12 request at issue properly seeks customers for whom Microsoft provides IVR

13 services in connection with Microsoft's IVR.  In addition, the identification of

14 customers that purchased Speech Server is reasonably calculated to lead to

15 admissible evidence relevant to both direct and indirect infringement claims of the

16 '846 patent.

17      Microsoft also refuses to provide any customer information that is relevant to

18 Phoenix's joint direct infringement theories because the theories are allegedly

19 outside the scope of Microsoft's motions for summary judgment.  *See* Trojan Decl.,

20 Ex. 2 at 4.  This is not true.  Microsoft's summary judgment motions raise the issue

21 of joint direct infringement.  *See, e.g.*, DE 55 at 9; DE 57 at 10.  Microsoft explains

22 that a ████████████████████████████████████████████████ but

23 Microsoft fails to provide any evidence as to what services the third party IVR

24 provider performs for Microsoft.  *See id.*  By not disclosing the third party's

25 actions, Microsoft suggests that it has no knowledge of the infringing acts, but

26 public documents cited in Phoenix's Infringement Contentions clearly indicate that

27 Microsoft directed third party IVR provider Gold Systems during the development

28 of the Microsoft Customer Support IVRs.  *See, e.g.*, DE 52-4 at 1-2 ("Because

TROJAN LAW OFFICES
BEVERLY HILLS



1

2  Microsoft IT wanted the [customer support IVR] application to be entirely based on

3  Microsoft products and technologies, it quickly decided on Office Communications

4  Server 2007 Speech Server as the main technology for the new call-center

5  solution."); Trojan Decl., Ex. 11 at PHO 020922 (Microsoft provided "design

6  advice, development guidance, and technical support" to Gold Systems during the

7  development of the Microsoft Customer Support IVRs).  Phoenix will need the

8  identity of the third parties to determine the extent of Microsoft's relationship with

9  such third parties.

10      Because the requested information is clearly relevant to Microsoft's motions

11  for summary judgment, Phoenix's infringement claims, and Microsoft's

12  infringement defenses pertaining to the '846 and/or '977 patents, the interrogatory

13  does not violate the Court's February 3, 2011 orders to limit discovery to the '846

14  and '977 patents.  Nor is the request in any way premature or does it violate the

15  January 11, 2011 court order to bifurcate issues of willfulness and damages from

16  issues of liability.  To the contrary, the deprivation of such information would result

17  in actual and substantial prejudice to Phoenix's ability to litigate its claims and

18  oppose Microsoft's summary judgment motions.  The Court should therefore

19  compel Microsoft to further respond to Interrogatory No. 7.

20      Further, Microsoft's objection that the interrogatory is overbroad, unduly

21  burdensome, and irrelevant because it requests information relating to accused

22  instrumentalities and third-parties that Phoenix has allegedly not identified in its

23  infringement contentions is not supported by the record.  Phoenix has identified the

24  accused systems defined in its discovery requests and third parties in its

25  infringement contentions.  *See* Trojan Decl., Ex. 8 (Phoenix separately identifies

26  elements of its claims of direct infringement, inducement, and contributory

27  infringement in its infringement contentions, tying the infringement theories to the

28  '846 and '977 patents, the accused systems, the exemplary partners / class of



TROJAN LAW OFFICES
BEVERLY HILLS

customers, the products and related claim charts[4]). Moreover, without this discovery, Phoenix cannot identify nonpublic, confidential information only in Microsoft's possession in its infringement contentions. Thus, Phoenix's request is not only relevant, but necessary. *See American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 743 (Fed. Cir. 1987) (need for discovery is enhanced when information is uniquely available from the party from whom it is sought).

### 3. Interrogatory No. 7 Constitutes One Interrogatory

Microsoft's objection that the interrogatory is overbroad and unduly burdensome, as violating Federal Rule of Civil Procedure 33(a)(1) limiting the number of interrogatories to twenty-five discrete subparts for covering "potentially more than forty-five separately accused instrumentalities" is untenable. Interrogatory No. 7 is clearly limited to the single subject matter of a list of customers for whom Microsoft provides IVR services, in which the list is further limited by IVR services provided in connection with the accused systems. Thus, Interrogatory No. 7 is properly counted as one interrogatory. *See Superior Communications v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D.Cal. 2009) ("'interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question.'") (quoting *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D.Cal.2006)); *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D.Cal.1998); *see also Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 664-65 (D.Kan.2004) ("[A]n interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question.").

### 4. Microsoft's Objection Based on Confidentiality is Moot

Regarding Microsoft's objection that the request seeks confidential or private

---

[4] Copies of Phoenix's revised claim charts were filed separately with the Court. *See* DE 52 *et seq.*


TROJAN LAW OFFICES
BEVERLY HILLS

business information, Microsoft stated that it will produce confidential documents, subject to its other objections, provided that Phoenix agrees to be governed by the terms of the stipulated protective order prior to the Court entering a protective order. *See* Trojan Decl., Ex. 9. Phoenix has agreed to be governed by the terms of the stipulated protective order before it is entered. *See* Trojan Decl., Ex. 10. Thus, Microsoft's objection based on confidentiality is rendered moot.

### B. Phoenix's Proposed Resolution During the Conference of Counsel

In an attempt to resolve the dispute and expedite the discovery process, Phoenix offered to limit the current scope of discovery of accused systems specified in the interrogatory to those systems addressed in Microsoft's motions for summary judgment.[5] *See* Trojan Decl., ¶ 4; *see also* Ex. 2 at 3. Microsoft agreed to re-evaluate its response to Interrogatory No. 7 based on this limitation. *See* Trojan Decl., Ex. 2 at 3. However, since the conference of counsel, Microsoft indicated that it would not provide customer information regarding "certain products, such as Speech Server" because Phoenix has not accused a specific embodiment of infringement in its infringement contentions. *Id*. Phoenix has provided sufficient details in its claim chart for the '846 patent as applied to MSS such that Microsoft can identify customers that use the device as set forth in its infringement contentions. *See* DE 52-9. Phoenix also identified at least the Office Communications Server 2007, Speech Server 2007, and Speech Server 2004 as

---

[5] In doing so, Phoenix is not waiving its right to discovery pertaining to the accused devices that are specified in Phoenix's infringement contentions, yet not addressed in Microsoft's motions for summary judgment. Phoenix is entitled to discovery as to the remaining accused devices because they pertain to the infringement of the '846 and '977 patents, as well as the remaining patents in suit. Microsoft cannot obtain a judgment of non-infringement encompassing accused devices of which Phoenix has had no right to discovery. Phoenix reserves the right to further litigate its infringement claims pertaining to the remaining accused devices and amend its infringement contentions upon further discovery of nonpublic information that was not previously discovered despite diligent search.

TROJAN LAW OFFICES
BEVERLY HILLS

1

2   embodiments.  *See* Trojan Decl., Ex. 5 at 5:1-2.  Microsoft should be compelled to

3   identify customers of at least the MSS embodiments that are encompassed by the

4   infringement contentions, which are not limited to a single embodiment.

5   Given the number of asserted claims and accused products in the case,

6   Phoenix also offered to stipulate to increasing the limit of interrogatories beyond

7   the 25-interrogatory limit set forth by the Federal Rules of Civil Procedure.  *See*

8   Trojan Decl., Ex. 1 at 3-4.  Microsoft declined that offer.  *See id*.

9   Because the customer information requested in Interrogatory No. 7 pertains

10  to Microsoft's summary judgment motions and is within the scope of the

11  infringement claims and defenses relating to the '977 and '846 patents, Microsoft is

12  obligated to further respond to this interrogatory under the Federal Rules of

13  Procedure.  To date, Microsoft has not provided any customer besides Amex in

14  response to Interrogatory No. 7.

15

16  **C.   Microsoft's Contentions With Respect to Interrogatory No. 7**

17  **1.   Interrogatory No. 7 is vague, ambiguous and overbroad.**

18  As an initial matter, Phoenix's complaint that Microsoft failed to provide the

19  specific reasons for its objections is without merit. Microsoft made specific

20  objections (*e.g.*, vague, ambiguous, confusing, overbroad, unduly burdensome) to

21  specific terms and phrases in Phoenix Interrogatory No. 7 (*e.g.*, "all customers,"

22  "Accused Systems"). Microsoft's objections are much more specific than the

23  objections at issue in *Bible v. Rio Properties, Inc.*, 246 F.R.D. 614, 619 (C.D. Cal.

24  2007). Indeed, Phoenix's objections to Microsoft's discovery requests contain

25  similar types of objections.

26  Phoenix argues that its definition of "Accused Systems" is not vague or

27  ambiguous.. But the Court has already held that Phoenix's Infringement

28  Contentions are vague and ambiguous: "You do the Court an injustice by referring

TROJAN LAW OFFICES
BEVERLY HILLS

to them as 'indefinite.' They really are about as general as you can get." *See* Feb. 2, 2011 Hearing Tr. at 16:17-19. Further, the Court previously noted that it also did not know what products were accused in Phoenix's Final Infringement Contentions: "Mr. Trojan, let me just say one thing to you: You have done exactly what he said about multiplying the number of products you are referring to, and you have made it very vague. I don't know what products—I keep asking myself that. If we had a list of products, then they might be able to narrow the documents they are giving you. But I can't even do that myself." *See* Mar. 25, 2011 Hearing Tr. at 9:19-10:1. While Phoenix's Final Infringement Contentions are far from clear, Microsoft did its best to try and decipher them, and addressed the only accused products in its Motions for Summary Judgment.

### 2. Interrogatory No. 7 is irrelevant to Microsoft's Motions for Summary Judgment.

Phoenix argues that Microsoft customer list is relevant to the direct infringement issues raised in Microsoft's Motion for Summary Judgment. Phoenix is wrong.

Microsoft has produced over 120,000 pages of documents relating to the accused systems. These are the relevant documents with respect to the Motions for Summary Judgment, yet Phoenix has not raised any issue with regard to the adequacy thereof. Phoenix's contentions set forth above do not contain a single citation to the material produced by Microsoft.

If Phoenix can identify specific gaps in this production that relate to specific accused systems, Microsoft will see if it has any additional relevant materials. But Phoenix should not be allowed to conduct a fishing expedition into Microsoft's confidential client list without first showing that there is relevant information which is missing from the existing production, and without first using alternative methods of discovery that are less intrusive.

TROJAN LAW OFFICES
BEVERLY HILLS

1

2    Phoenix argues that the requested customer list is relevant to joint

3    infringement issues raised in Microsoft's Motions for Summary Judgment. But,

4    Microsoft's Motions do not raise joint infringement issues. Indeed, Microsoft

5    expressly reserved such joint infringement arguments. *See* Dkt. # 57 at 14 n. 55.

6    The Court recently agreed, and specifically noted that Microsoft's Motions for

7    Summary Judgment do not raise joint infringement issues. *See* Apr. 22, 2011

8    Hearing Tr. at 24:20-25:17. Despite the Court's explicit finding, Phoenix refused to

9    amend its section of this Joint Stipulation.

10   Finally, Phoenix argues that the requested customer list is relevant to indirect

11   infringement raised in Microsoft's Motions for Summary Judgment. But, claims of

12   induced and contributory infringement require identification of direct infringement

13   by another party. *See ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d

14   1307, 1312 (Fed. Cir. 2007); *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373,

15   1381 (Fed. Cir. 2007). Since Phoenix's Final Infringement Contentions do not raise

16   any allegation of direct infringement by a third party, Microsoft cannot be liable for

17   induced or contributory infringement, as a matter of law. Thus, its customer list

18   cannot be relevant on these grounds. Rather, it is clear that Phoenix is fishing.

19   ### 3.    Customer lists relate at most to damages.

20   Microsoft's customer lists not only have no relevance to Microsoft's Motions

21   for Summary Judgment, but also have no relevance to the issues of liability

22   currently pending before the Court. At best, the customer lists could relate to

23   damages, but the Court clearly bifurcated damages from liability. *See* Jan. 11, 2011

24   Hearing Tr. at 28:17-20.

25   ### 4.    Interrogatory No. 7 contains multiple subparts.

26   The court should adopt the reasoning set forth in *Stamps.Com, Inc. v.*

27   *Endicia, Inc.* No. CV 06-7499-ODW (CTx), 2009 WL 2576371 (C.D. Cal. May 21,

28   2009) regarding the counting of interrogatories. That court made three rulings



TROJAN LAW OFFICES
BEVERLY HILLS

41826-
3016/LEGA
L20938722.2

directly applicable to this dispute. First, the court found that requests for facts, persons with knowledge of those facts and documents containing those facts should be considered one interrogatory. *Id.* at *3. Second, the court found that information concerning each patent claim is not a separate subpart. *Id*. Third, the court found that interrogatories seeking facts relating to separate patents or separate accused products constitute separate interrogatories. *Id.* Microsoft requests that the Court follow this reasoning.

### 5. Microsoft's confidentiality objection is not moot.

Microsoft properly preserved its objections that Request No. 3 seeks documents protected by the attorney-client privilege or attorney work product doctrine, documents not within Microsoft's possession, custody or control, and documents that contain highly confidential or trade secret information. As the plain terms of the stipulated protective order demonstrate, Microsoft did not waive these objections when it entered into the stipulation.

### 6. Interrogatory No. 7 is still Irrelevant and Overbroad in Light of Phoenix's Last-Minute Proposed Narrowing.

In Section II, Phoenix contends that its motion to compel should be viewed in light of an agreement between the parties to limit the scope of discovery to the issues on the pending motions for summary judgment, and further contended that its motion to compel was therefore seeking only evidence of indirect infringement. But Phoenix has not narrowed this request to reflect this purported agreement. For example, Phoenix argues above that it is entitled to further discovery because the requested information is "relevant to infringement claims and defenses of the '846 and '977 patents".

Regardless of the scope of discovery, Phoenix still has made no showing as to how the requested information is relevant to the pending motions for summary judgment or to the patents-in-suit generally. According to Phoenix's statement in



Section II, the requested information is somehow relevant to establishing indirect infringement by Microsoft.  But the summary judgment motions do not turn on the issue of indirect infringement.   In order for Microsoft to be liable for indirect infringement, some other entity must be liable for direct infringement, and this entity must be identified in Phoenix's infringement contentions. Phoenix has not done so.

Phoenix is out of time to amend its infringement contentions, and it cannot use Microsoft's responses to this discovery to amend its contentions.  In its August 18, 2010 order, the Court effectively adopted the local patent rules of the Northern District of California. These rules are designed to prevent a "shifting sands" approach to claim construction. *Atmel Corp. v. Information Storage Devices, Inc.*, No. C 95-1987, 1998 WL 775115 (N.D. Cal. Nov. 5, 1998). Instead, the patent rules require the parties "to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *MemC Elec. Materials v. Mitsubishi Materials Silicon Corp.*, No. C 01-4925, 2004 WL 5363616 (N.D. Cal. Mar. 2, 2004).

Phoenix's final infringement contentions were due and filed on February 14, 2011. (Dkt. # 50.) Phoenix served its discovery demands on February 11, 2011, with a due date of March 14, 2011, well after its final infringement contentions were on file. Phoenix does not now get to have wide-open discovery into Microsoft's confidential information so as to seek to revise its infringement contentions as to allege indirect infringement at some point in the future. As Phoenix is bound by its existing infringement contentions, its discovery demands are irrelevant.

### D.   Microsoft's Proposed Resolution During the Conference of Counsel

Since Phoenix's interrogatory was so over broad, Microsoft offered to re-



TROJAN LAW OFFICES
BEVERLY HILLS

evaluate its response to Interrogatory No. 7 based on Phoenix's limiting the interrogatory to the products at issue in Microsoft's Motions for Summary Judgment. But, as discussed above, Microsoft's customer list is neither relevant to Microsoft's Motions for Summary Judgment, nor any issue related to liability pending before the Court. Thus, no resolution could be reached.

Notably, in the parties' Joint Rule 26(f) report, both parties agreed that no modifications be made to the limitations on discovery imposed by the Federal Rules, including the limit of 25 interrogatories per side. *See* Dkt. # 44 at 18:2-4. Thus, Phoenix's "offer to stipulate to increase the number of interrogatories" is contrary to the position it previously took.

## IV. PHOENIX'S MOTION TO COMPEL PRODUCTION RESPONSIVE TO DOCUMENT REQUEST NO. 3

### Phoenix's Document Request No. 3

Provide all documents and things prepared by you, for your benefit, or on your behalf relating to any study, investigation, analysis, opinion or evaluation in connection with this case, including legal opinions and expert reports concerning the Patents in Suit.

### Microsoft's Response to Document Request No. 3

Microsoft objects to this request as seeking documents containing information protected under the attorney-client privilege or attorney product doctrine. Microsoft further objects to this request as seeking documents containing confidential or private business information, including, without limitation, trade secret, personnel, and/or competitively sensitive information. Microsoft further objects to this request as seeking documents not within Microsoft's possession, custody or control. Microsoft further objects to this request as overbroad and unduly burdensome as seeking production of "all documents and things." Microsoft further objects to this request as overbroad and unduly burdensome, irrelevant to the issues in this litigation and not reasonably calculated to lead to the discovery of

TROJAN LAW OFFICES
BEVERLY HILLS

relevant or admissible evidence, and as violating the Court's February 3, 2011 orders (Dkt. # 49, 50) limiting the current scope of discovery to information relating to Microsoft's Motions for Summary Judgment (Dkt. # 55, 57) and invalidity of the '846 and '977 patents only. Microsoft further objects to this request as overbroad and unduly burdensome, premature, irrelevant to the issues in this litigation and not reasonably calculated to lead to the discovery of relevant or admissible evidence, and as violating the Court's oral order during the January 11, 2011 case management conference bifurcating issues of willfulness and damages from issues of liability. See Jan. 11, 2011 Hearing Transcript at 28:17-20.

Subject to the foregoing General and Specific Objections, Microsoft responds as follows: Microsoft will not produce documents responsive to this request at this time.

A.     **Phoenix's Contentions With Respect to Document Request No. 3**

1.     **Document Request No. 3 is Relevant to the Infringement Claims and Defenses Relating to the '977 and '846 Patents**

The Federal Rules permit Phoenix to propound discovery that relates to "any matter, not privileged, that is relevant to the claim or defense of that party." Fed.R.Civ.P. 26(b)(1).   In this case, the Court further ordered that the scope of discovery be related to the '846 and '977 patents.  DE 49, 50.

Microsoft contends that this request is overbroad, unduly burdensome, irrelevant, and violates the Court's orders of February 3, 2011 and January 11, 2011.   However, the requested documents relating to the study, investigation, analysis, opinion or evaluation in connection with this case, including legal opinions and expert reports concerning the '846 patent and the '977 patent are clearly relevant towards Phoenix's claims of infringement and Microsoft's defense of invalidity of the '846 patent and the '977 patent.   Thus, the interrogatory is certainly within the scope of the Court's February 3, 2011 orders to limit discovery to the '846 and '977 patents.  As the requests is relevant to infringement claims and defenses, the request is not in any way premature and does not violate the January

TROJAN LAW OFFICES
BEVERLY HILLS

11, 2011 court order to bifurcate issues of willfulness and damages from issues of liability.

### 2.     Microsoft's Boilerplate Objections are Without Merit

There is no merit to Microsoft's objection that this Request is overbroad and unduly burdensome merely because it asks Microsoft to produce "all documents and things."   A party's objections must also include specific reasons for those objections.   *See* Fed.R.Civ.P.   34(b)(2)(B); *see also Bible v. Rio Properties, Inc.*, 246 F.R.D. 614, 619 (C.D.Cal. 2007).   Accordingly, Microsoft's boilerplate objections on the grounds that the request is overly broad and unduly burdensome are improper to the extent that Microsoft fails to provide any specific reasons for those objections.

Phoenix narrowly tailored the documents and things to those prepared by Microsoft, for Microsoft's benefit, or on Microsoft's behalf relating to any study, investigation, analysis, opinion or evaluation in connection with this case, including legal opinions and expert reports concerning the Patents in Suit.   Considering the Court order that limited the scope of current discovery only to the '977 and '846 patents, Phoenix does not object to limiting the request to those two patents at this time.

To the extent the Request seeks information protected under the attorney-client privilege or attorney product doctrine or seeks documents not within Microsoft's possession, custody or control, Phoenix seeks non-privileged documents within Microsoft's possession, custody, or control for the purposes of this motion.   Microsoft is obligated to produce such documents pertaining to the '846 and '977 patents.   Thus, Microsoft's privilege and lack of control objections are of no consequence as to the documents sought under this motion to compel.

### 3.     Microsoft's Objection Based on Confidentiality is Moot

Microsoft stated that it will produce confidential documents, subject to its

TROJAN LAW OFFICES
BEVERLY HILLS

other objections, provided that Phoenix agrees to be governed by the terms of the stipulated protective order prior to the Court entering a protective order. *See* Trojan Decl., Ex. 9. Phoenix has agreed to be governed by the terms of the stipulated protective order before it is entered. *See* Trojan Decl., Ex. 10. Thus, Microsoft's objection based on confidentiality is rendered moot.

### B. Phoenix's Proposed Resolution During the Conference of Counsel

At the April 6, 2011 conference of counsel, Microsoft renewed its objection that the requested documents relate solely to the issue of willfulness. *See* Trojan Decl., Ex. 2 at 5. Microsoft confirmed that it will not produce documents on that basis. *Id*. As discussed above, the documents are not only relevant to issues of willfulness, but also relevant to infringement claims and defenses pertaining to the '846 and '977 patents, as well as Microsoft's summary judgment motions. Thus, Microsoft is obligated to produce the non-privileged documents within its possession, custody, or control that pertain to any study, investigation, analysis, opinion or evaluation, including legal opinions and expert reports, concerning the '846 patent and '977 patent.

### C. Microsoft's Contentions With Respect to Document Request No. 3

#### 1. Request No. 3 relates solely to willful infringement.

Phoenix cannot and does not dispute that the Court bifurcated issues of willfulness and damages from issues of liability. *See* Jan. 11, 2011 Hearing Tr. at 28:17-20. Rather, Phoenix argues that Microsoft's legal opinions are somehow relevant to infringement, not willful infringement. But Phoenix does not even attempt to argue how Microsoft's legal opinions are relevant to infringement. Patent infringement is determined by comparing the claim(s) to the accused product(s). Thus, infringement depends on how the systems work; not on whether an attorney

TROJAN LAW OFFICES
BEVERLY HILLS

1

2  or expert witness opines that the accused systems are covered or not covered by the

3  patent claims. The documents sought by Phoenix are thus irrelevant; they also

4  contain attorney-client communications and material covered by the attorney work

5  product doctrine.

6  ### 2.   Request No. 3 is vague, ambiguous, and overbroad.

7  As discussed above, Phoenix's complaint that Microsoft failed to provide the

8  specific reasons for its objections is without merit. Microsoft made specific

9  objections (*e.g.*, vague, ambiguous, confusing, overbroad, unduly burdensome) to

10  specific terms in Phoenix Interrogatory No. 7 (*e.g.*, "all documents and things,"

11  "Accused Systems"). Microsoft's objections are much more specific than the

12  objections at issue in *Bible v. Rio Properties, Inc.*, 246 F.R.D. 614, 619 (C.D. Cal.

13  2007).

14  Phoenix's request for "all documents and things" is overbroad and unduly

15  burdensome in several ways. For example, Phoenix admits that it did not initially

16  limit Request No. 3 to the '846 and '977 patents, and also admits that the Court

17  limited the current scope of discovery to these patents only. Phoenix's subsequent

18  lack of objecting to limit Request No. 3 to these two patents does not cure the

19  broadness of its original request.

20  In addition, as discussed above, the Court has already found that Phoenix's

21  definition of "Accused Products" and Final Infringement Contentions are

22  impossible to decipher. Thus, Request No. 3 is similarly impossible to decipher due

23  to its vagueness and ambiguity.

24

25  ### 3.   Microsoft properly preserved its privilege, possession and

26  ### confidentiality objections.

27  Microsoft properly preserved its objections that Request No. 3 seeks

28  documents protected by the attorney-client privilege or attorney work product



TROJAN LAW OFFICES
BEVERLY HILLS

doctrine, documents not within Microsoft's possession, custody or control, and documents that contain highly confidential or trade secret information. As the plain terms of the stipulated protective order demonstrate, Microsoft did not waive these objections when it entered into the stipulation.

**4.** **Request No. 3 is still Irrelevant and Overbroad in Light of Phoenix's Last-Minute Proposed Narrowing**.

In Section II, Phoenix contends that its motion to compel should be viewed in light of an agreement between the parties to limit the scope of discovery to the issues on the pending motions for summary judgment, and further contended that its motion to compel was therefore seeking only evidence of indirect infringement. But Phoenix has not narrowed this request to reflect this purported agreement.  For example, Phoenix argues above that it is entitled to further discovery because "the requested documents relating to the study, investigation, analysis, opinion or evaluation in connection with this case, including legal opinions and expert reports concerning the '846 patent and the '977 patent are clearly relevant towards Phoenix's claims of infringement and Microsoft's defense of invalidity of the '846 patent and the '977 patent."  This asserted basis for an order compelling Microsoft to produce further information is inconsistent with Phoenix's position set forth in Section II.

Regardless, Phoenix still has made no showing as to how the requested information is relevant either to the pending motions for summary judgment or to the patents-in-suit generally.  According to Phoenix's statement in Section II, the requested information is somehow relevant to establishing indirect infringement by Microsoft.  But the summary judgment motions do not turn on the issue of indirect infringement.  In order for Microsoft to be liable for indirect infringement, some other entity must be liable for direct infringement, and this entity must be identified in Phoenix's infringement contentions. Phoenix has not done so.

TROJAN LAW OFFICES
BEVERLY HILLS

Phoenix is out of time to amend its infringement contentions, and it cannot use Microsoft's responses to this discovery to amend its contentions.  In its August 18, 2010 order, the Court effectively adopted the local patent rules of the Northern District of California. These rules are designed to prevent a "shifting sands" approach to claim construction. *Atmel Corp. v. Information Storage Devices, Inc.*, No. C 95-1987, 1998 WL 775115 (N.D. Cal. Nov. 5, 1998). Instead, the patent rules require the parties "to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *MemC Elec. Materials v. Mitsubishi Materials Silicon Corp.*, No. C 01-4925, 2004 WL 5363616 (N.D. Cal. Mar. 2, 2004).

Phoenix's final infringement contentions were due and filed on February 14, 2011. (Dkt. # 50.) Phoenix served its discovery demands on February 11, 2011, with a due date of March 14, 2011, well after its final infringement contentions were on file. Phoenix does not now get to have wide-open discovery into Microsoft's confidential information so as to seek to revise its infringement contentions as to allege indirect infringement at some point in the future. As Phoenix is bound by its existing infringement contentions, its discovery demands are irrelevant.

### D.   Microsoft's Proposed Resolution During the Conference of Counsel

Microsoft had no resolution to this dispute other than for Phoenix to withdraw the request. The requested material is privileged and irrelevant.

## V.   PHOENIX'S MOTION TO COMPEL PRODUCTION RESPONSIVE TO DOCUMENT REQUEST NO. 4

### Phoenix's Document Request No. 4

TROJAN LAW OFFICES
BEVERLY HILLS

1

2
      Provide all documents relating to the negotiation of all existing,
3
expired and/or unconsummated contracts or agreements involving the
Accused Systems and/or components, sub-systems, modules and/or
4
sub-parts of the Accused Systems.

5
**<u>Microsoft's Document Response to Request No. 4</u>**

6
      Microsoft objects to this request as seeking documents
7
containing information protected under the attorney-client privilege or
attorney work product doctrine. Microsoft further objects to this
8
request as seeking documents containing confidential or private
9
business information, including, without limitation, trade secret,
personnel, and/or competitively sensitive information. Microsoft
10
further objects to this request as seeking documents not within
11
possession, custody or control. Microsoft further objects to this
request as overbroad and unduly burdensome as seeking production of
12
"all documents and things." Microsoft further objects to this request
13
as overbroad and unduly burdensome, irrelevant to the issues in this
litigation and not reasonably calculated to lead to the discovery of
14
relevant or admissible evidence, and as violating the Court's February
15
3, 2011 orders (Dkt. # 49, 50) limiting the current scope of discovery
to information relating to Microsoft's Motions for Summary Judgment
16
(Dkt. # 55,57) and invalidity of the '846 and '977 patents only.
17
Microsoft further objects to this request as vague and ambiguous as to
the term "Accused Systems." Microsoft further objects to this request
18
as vague and ambiguous, overbroad and unduly burdensome,
19
irrelevant to the issues in this litigation and not reasonably calculated
to lead to the discovery of relevant or admissible evidence, as to the
20
terms "existing, expired and/or unconsummated contracts or
21
agreements" and "components, sub-systems, modules and/or sub-
parts." Microsoft further objects to this request as overbroad and
22
unduly burdensome, premature, irrelevant to the issues in this
23
litigation and not reasonably calculated to lead to the discovery of
relevant or admissible evidence, and as violating the Court's oral order
24
during the January 11, 2011 case management conference bifurcating
25
issues of willfulness and damages from issues of liability. *See* Jan.
11, 2011 Hearing Transcript at 28:17-20.
26
      Subject to the foregoing General and Specific Objections,
27
Microsoft responds as follows: Microsoft will not produce documents
responsive to this request at this time.
28

<div style="writing-mode: vertical">TROJAN LAW OFFICES<br>BEVERLY HILLS</div>



CASE NO. CV 10-03846 MRP (SSx)      28      JOINT STIPULATION RE
PHOENIX'S MOTION TO COMPEL

**A.    Phoenix's Contentions With Respect to Document Request No. 4**

**1.    Document Request No. 4 is Relevant to the Infringement Claims and Defenses Relating to the '977 and '846 Patents**

Microsoft objects to Document Request No. 4 as overly broad and unduly burdensome, and irrelevant as exceeding the scope of discovery.   Phoenix is entitled to discovery of "any matter, not privileged, that is relevant to the claim or defense of that party."   *See* Fed.R.Civ.P. 26(b)(1).   "It is a common principle that the rules of discovery are to be broadly and liberally construed so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence."   *Willis v. Ritter*, 2007 WL 2455873, *2 (S.D.Cal. 2007) (citing Fed.R.Civ.P. 26(b)(2); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).   In this case, the Court further ordered that the scope of discovery be related to the '846 and '977 patents.   DE 49, 50.

Documents relating to the Accused Systems are relevant to patent infringement claims and are discoverable.   *See Armor Screen Corp. v. Storm Catcher, Inc.*, Slip Copy, 2009 WL 455428, at *3 (S.D.Fla. 2009).   Contracts involving the Accused Systems are particularly relevant to evidence of joint direct infringement with third parties identified in the contracts.   Given that the Court issued verbal orders limiting the scope of current discovery only to the '977 and '846 patents, Phoenix does not object to limiting the request to those two patents at this time.   DE 49, 50.

Because Document Request No. 4 requesting contracts concerning the Accused Systems is particularly relevant to Phoenix's claims of direct infringement, including joint direct infringement, of the '846 and '977 patents, Microsoft should be compelled to produce responsive documents.   Consequently, the request does not violate the Court's February 3, 2011 orders to limit discovery

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

to the '846 and '977 patents.  DE 49, 50.  Nor is the request in any way premature or does it violate the January 11, 2011 court order to bifurcate issues of willfulness and damages from issues of liability.  To the contrary, the deprivation of such information would result in actual and substantial prejudice to Phoenix's ability to litigate its claims and oppose Microsoft's summary judgment motions.  The Court should therefore compel Microsoft to produce documents responsive to this request.

### 2.    Microsoft's Boilerplate Objections are Without Merit

There is no merit to Microsoft's objection that this Request is overbroad and unduly burdensome merely because it asks Microsoft to provide "all documents." To prevail on its objections, the objecting party must separately object to each item or category in the request.  *See* Fed.R.Civ.P. 34(b)(2)(B); *see also* Fed.R.Civ.P. 34(b)(2)(C).  Any objection must also include specific reasons for those objections. *See* Fed.R.Civ.P 34(b)(2)(B); *see also Bible v. Rio Properties, Inc*., 246 F.R.D. 614, 619 (C.D.Cal. 2007).  Accordingly, because Microsoft has not provided any specific reason that the production of all documents would be unduly burdensome, Microsoft's objection is meritless.

Regardless, the interrogatory is clearly limited to certain contracts involving the accused systems or components thereof.  The fact that the request includes "existing, expired and/or unconsummated contracts or agreements" and "components, sub-systems, modules and/or sub-parts" of the accused system does not make the request vague, ambiguous, overly broad, unduly burdensome, or irrelevant.  Such contracts are reasonably calculated to lead to admissible evidence regarding the direct and indirect infringement of the '846 and/or '977 patents, which are set forth in Phoenix's infringement contentions.

Microsoft's objection that the request is vague and ambiguous as to the term "Accused Systems" is also without merit.  Microsoft itself identified accused systems in its motion for summary judgment regarding the '977 patent as the

following: (1) Tellme's IVR services for American Express ("Amex"); (2) Tellme's IVR services for Bing 411; (3) Bing Mobile; (4) Windows Phone 7 and Windows Mobile 6.5 (collectively "Windows Phone"); and (5) Microsoft's Customer Support IVRs. *See* DE 57. Microsoft identified the accused systems in its motion for summary judgment regarding the '846 patent as the following: (1) Tellme's IVR services for Amex; (2) Bing Mobile; (3) Microsoft Speech Server software ("MSS"); (4) Microsoft's Customer Support IVRs; and (5) the Ford SYNC implementation of Microsoft Auto. *See* DE 55.

Further, Phoenix defined the term "Accused Systems" to include:

(1) Microsoft IVR: any and all speech-enabled interactive voice response ("IVR") systems developed, implemented, operated, directed or controlled by Microsoft, including any and all IVR systems developed, implemented, operated, directed or controlled by Microsoft for use by Microsoft's customers or for the benefit of any third party, including but not limited to American Express ("Amex"), American Airlines, FedEx, Cingular/AT&T, Verizon, Merrill Lynch, E*TRADE, Amazon, Fandango, Domino's Pizza, Orbitz, UPS, and their customers;

(2) Partner IVR: any and all speech-enabled IVR systems developed, implemented, operated, directed or controlled by Microsoft's partners that use the Microsoft IVR for any portion of its speech recognition or natural language processing. Microsoft partners include but are not limited to Gold Systems, SpeechCycle, TuVox, LiveOps, Logicalis, NEC Unified Solutions, Resolvity, Voxify, Dimension Data, Quilogy, Servion, and Viecore;

(3) Support IVR: any and all speech-enabled IVR systems developed, implemented, operated, directed or controlled by Microsoft that are used by or in support of other Microsoft products, including but not limited to IVR systems used by Windows Auto, Windows Phone, and Bing Service;

(4) Windows Auto: any and all Microsoft automotive systems with speech

TROJAN LAW OFFICES
BEVERLY HILLS

integration, including but not limited to Windows Embedded Automotive 7; Traffic, Directions and Information; and the Microsoft platforms used by Fiat Blue&Me, Ford SYNC, Kia UVO, Daimler Car2Go, PACCAR SmartNav, Alphine Blackbird and NVE-N872A, and Pioneer PAIS;

(5) Windows Phone: mobile operating systems Windows Mobile 6.x and Windows Phone 7;

(6) Bing Service: any and all Microsoft speech-enabled services and products (including programs and applications) with web search and/or directory search capabilities, including but not limited to Bing, Bing 411, Bing Mobile, Bing Apps and Microsoft's various phone services (including those reachable at 800-246-4411, 800-225-5411, and 800-555-8355); and

(7) Microsoft Speech Server ("MSS") systems: any and all Microsoft products designed to allow the authoring and deployment of IVR applications, including but not limited to Office Communications Server 2007, Speech Server 2007, and Speech Server 2004.

*See* Trojan Decl, Ex. 5 at 4:22-5:5.   Thus, the term Accused Systems and the request are not vague or ambiguous.

To the extent the Request seeks information protected under the attorney-client privilege or attorney product doctrine or seeks documents not within Microsoft's possession, custody or control, Phoenix seeks non-privileged documents within Microsoft's possession, custody, or control for the purposes of this motion.  Microsoft is obligated to produce the requested documents pertaining to the '846 and '977 patents.  Thus, Microsoft's privilege and lack of control objections are of no consequence as to the documents sought under this motion to compel.

### 3. Microsoft's Objection Based on Confidentiality is Moot

Microsoft stated that it will produce confidential documents, subject to its



TROJAN LAW OFFICES
BEVERLY HILLS

1

2   other objections, provided that Phoenix agrees to be governed by the terms of the

3   stipulated protective order prior to the Court entering a protective order. *See* Trojan

4   Decl., Ex. 9. Phoenix has agreed to be governed by the terms of the stipulated

5   protective order before it is entered. *See* Trojan Decl., Ex. 10. Thus, Microsoft's

6   objection based on confidentiality is rendered moot.

7

8   **B.      Phoenix's Proposed Resolution During the Conference of Counsel**

9        In an attempt to resolve the dispute, Phoenix offered to limit the current

10  scope of discovery of the accused systems identified in the request to those systems

11  addressed in Microsoft's motions for summary judgment.[6] *See, e.g.*, Trojan Decl.,

12  Ex. 2 at 5. Microsoft maintained its rejections based on relevancy and indicated

13  that it would reevaluate its response once Phoenix states the relevance of the

14  requested documents. *Id.* Phoenix has discussed above the relevance of the

15  contracts as reasonably calculated to lead to admissible evidence of direct and

16  indirect infringement of the '846 and '977 patents.

17       Phoenix explained during the meet and confer that the requested documents

18  will support Phoenix's factual allegations relating to indirect infringement,

19  including Microsoft's knowledge of its customer's infringing acts and Microsoft's

20  marketing and instructing its customers on the use of the Microsoft IVR. *See*

21  Trojan Decl. at ¶ 5.

22  _____

[6] In doing so, Phoenix is not waiving its right to discovery pertaining to the accused
23  devices that are specified in Phoenix's infringement contentions, yet not addressed
    in Microsoft's motions for summary judgment. Phoenix is entitled to discovery as
24  to the remaining accused devices because they pertain to the infringement of the
    '846 and '977 patents, as well as the remaining patents in suit. Microsoft cannot
25  obtain a judgment of non-infringement encompassing accused devices of which
26  Phoenix has had no right to discovery. Phoenix reserves the right to further litigate
    its infringement claims pertaining to the remaining accused devices and amend its
27  infringement contentions upon further discovery of nonpublic information that was
28  not previously discovered despite diligent search.

TROJAN LAW OFFICES
Beverly Hills

1

2       The requested contracts are also relevant to dispute issues raised in

3   Microsoft's summary judgment motions because its motions raise the issue of joint

4   direct infringement. *See, e.g.*, DE 55 at 9; DE 57 at 10.  Microsoft explains that a

5   ████████████████████████████████████████████████████████  but

6   Microsoft fails to provide any evidence as to what services the third party IVR

7   provider performs for Microsoft.  *See id.*  By not disclosing the third party's

8   actions, Microsoft suggests that it has no knowledge of the infringing acts, but

9   public documents cited in Phoenix's Infringement Contentions clearly indicate that

10  Microsoft directed third party IVR provider Gold Systems during the development

11  of the Microsoft Customer Support IVRs.  *See, e.g.*, DE 52-4 at 1-2 ("Because

12  Microsoft IT wanted the [customer support IVR] application to be entirely based on

13  Microsoft products and technologies, it quickly decided on Office Communications

14  Server 2007 Speech Server as the main technology for the new call-center

15  solution."); Trojan Decl., Ex. 11 at PHO 020922 (Microsoft provided "design

16  advice, development guidance, and technical support" to Gold Systems during the

17  development of the Microsoft Customer Support IVRs).   Phoenix will need

18  documents such as Microsoft's communications, agreements, and contracts with

19  third parties to determine the extent of direction and control Microsoft has over

20  such third parties.  Thus, Microsoft should now reconsider its position.

21

22  **C.**    **Microsoft's Contentions With Respect to Document Request No. 4**

23      **1.**    **Request No. 4 is irrelevant to Microsoft's Motions for**

24               **Summary Judgment.**

25      Phoenix argues that the requested contracts are relevant to joint infringement

26  issues raised in Microsoft's Motions for Summary Judgment. But, Microsoft's

27  Motions do not raise joint infringement issues. Indeed, Microsoft expressly

28  reserved such joint infringement arguments. *See* Dkt. # 57 at 14 n. 55. The Court



TROJAN LAW OFFICES
BEVERLY HILLS

1

2   recently agreed, and specifically noted that Microsoft's Motions for Summary

3   Judgment do not raise joint infringement issues. *See* Apr. 22, 2011 Hearing Tr. at

4   24:20-25:17. Despite the Court's explicit finding, Phoenix refused to amend its

5   section of this Joint Stipulation.

6           **2.     Request No. 4 seeks irrelevant information.**

7           As discussed below, this request is so overbroad as to be meaningless. The

8   scope of this request is beyond imagination. But more to the point, how are "all

9   contracts" relating to the supposed accused products relevant? The answer is that

10  they are not.

11          If Microsoft purchased a module of software to use on the Tellme IVR

12  system, that purchase order would be responsive to this request. Yet, not even

13  Phoenix can say that this purchase order is relevant to any issue in the case.

14  Similarly, if Microsoft purchased equipment to be used to monitor the performance

15  of the Tellme IVR system, these purchase orders would also be responsive. But

16  Phoenix cannot honestly contend that such documents are relevant. While

17  Microsoft has made a good-faith effort to explain the problem with the request,

18  Phoenix refuses to place any narrowing construction on it to make it meaningful.

19  As it stands, there is simply no way to respond to this request.

20          Phoenix's attempts to cure the inadequacy at the meet-and-confer did not

21  provide any useful guidance. Phoenix was willing to narrow its request only to the

22  products addressed in the Motions for Summary Judgment. But the motions are

23  based on the theory that Microsoft's products do not infringe irrespective of the

24  client to whom Microsoft is providing services. Under this approach, there are no

25  responsive contracts because the identity of the client is irrelevant.

26          **3.     Request No. 4 is still Irrelevant and Overbroad in Light of**

27  **Phoenix's Last-Minute Proposed Narrowing**.

28          In Section II, Phoenix contends that its motion to compel should be viewed in

TROJAN LAW OFFICES
BEVERLY HILLS

CASE NO. CV 10-03846 MRP (SSx)          35          JOINT STIPULATION RE
PHOENIX'S MOTION TO COMPEL

1
2
3
4
5
6
7
8
9
10

light of an agreement between the parties to limit the scope of discovery to the issues on the pending motions for summary judgment, and further contended that its motion to compel was therefore seeking only evidence of indirect infringement. But Phoenix has not narrowed this request to reflect this purported agreement. For example, Phoenix argues above that it is entitled to further discovery because: "Contracts involving the Accused Systems are particularly relevant to evidence of joint direct infringement with third parties identified in the contracts." Yet under Section II, Phoenix apparently agreed that it was not seeking evidence of joint direct infringement.

11
12
13
14
15
16
17
18

Regardless, Phoenix still has made no showing as to how the requested information is relevant either to the pending motions for summary judgment or to the patents-in-suit generally. According to Phoenix's statement in Section II, the requested information is somehow relevant to establishing indirect infringement by Microsoft. But the summary judgment motions do not turn on the issue of indirect infringement. In order for Microsoft to be liable for indirect infringement, some other entity must be liable for direct infringement, and this entity must be identified in Phoenix's infringement contentions. Phoenix has not done so.

19
20
21
22
23
24
25
26
27
28

Phoenix is out of time to amend its infringement contentions, and it cannot use Microsoft's responses to this discovery to amend its contentions. In its August 18, 2010 order, the Court effectively adopted the local patent rules of the Northern District of California. These rules are designed to prevent a "shifting sands" approach to claim construction. *Atmel Corp. v. Information Storage Devices, Inc.*, No. C 95-1987, 1998 WL 775115 (N.D. Cal. Nov. 5, 1998). Instead, the patent rules require the parties "to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *MemC Elec. Materials v. Mitsubishi Materials Silicon Corp.*, No. C 01-4925, 2004 WL 5363616 (N.D. Cal. Mar. 2, 2004).

TROJAN LAW OFFICES
BEVERLY HILLS

Phoenix's final infringement contentions were due and filed on February 14, 2011. (Dkt. # 50.) Phoenix served its discovery demands on February 11, 2011, with a due date of March 14, 2011, well after its final infringement contentions were on file. Phoenix does not now get to have wide-open discovery into Microsoft's confidential information so as to seek to revise its infringement contentions as to allege indirect infringement at some point in the future. As Phoenix is bound by its existing infringement contentions, its discovery demands are irrelevant.

## D.   Microsoft's Proposed Resolution During the Conference of Counsel

Microsoft stated that it would reconsider its position if Phoenix could articulate a cogent explanation as to why the requested documents were relevant. To date, none of Phoenix's explanations have been persuasive.

# VI.   PHOENIX'S MOTION TO COMPEL PRODUCTION RESPONSIVE TO DOCUMENT REQUEST NO. 6

**Phoenix's Document Request No. 6**

Provide all communications between Microsoft and any third party regarding the alleged infringement of any of the Patents in Suit.

**Microsoft's Response to Document Request No. 6**

Microsoft objects to this request as seeking documents containing information protected under the attorney-client privilege or attorney work product doctrine. Microsoft further objects to this request as seeking documents containing confidential or private business information, including, without limitation, trade secret, personnel, and/or competitively sensitive information. Microsoft further objects to this request as seeking documents not within Microsoft's possession, custody or control. Microsoft further objects to this request as overbroad and unduly burdensome as seeking production of "all communications." Microsoft further objects to this

TROJAN LAW OFFICES
BEVERLY HILLS

41826-
3016/LEGA
L20938722.2

CASE NO. CV 10-03846 MRP (SSx)          37          JOINT STIPULATION RE
PHOENIX'S MOTION TO COMPEL

1
2
3
4
5
6
7
8
9
10

request as overbroad and unduly burdensome, irrelevant to the issues in this litigation and not reasonably calculated to lead to the discovery of relevant or admissible evidence, and as violating the Court's February 3, 2011 orders (Dkt. # 49, 50) limiting the current scope of discovery to information relating to Microsoft's Motions for Summary Judgment (Dkt. # 55, 57) and invalidity of the '846 and '977 patents only.   Microsoft further objects to this request as overbroad and unduly burdensome, premature, irrelevant to the issues in this litigation and not reasonably calculated to lead to the discovery of relevant or admissible evidence, and as violating the Court's oral order during the January 11, 2011 case management conference bifurcating issues of and damages from issues of liability. See Jan. 11, 2011 Hearing Transcript at 28:17-20.

11
12

Subject to the foregoing General and Specific Objections, Microsoft responds as follows: Microsoft will not produce documents responsive to this request at this time.

13
14
15
16

**A.   Phoenix's Contentions With Respect to Document Request No. 6**

**1.   Document Request No. 6 is Relevant to the Infringement Claims and Defenses Relating to the '977 and '846 Patents**

17
18
19
20
21
22
23
24
25
26
27
28

Microsoft objects to Document Request No. 6 as overly broad and unduly burdensome, and irrelevant as exceeding the scope of discovery.   Phoenix is entitled to discovery of "any matter, not privileged, that is relevant to the claim or defense of that party."   *See* Fed.R.Civ.P. 26(b)(1).   "It is a common principle that the rules of discovery are to be broadly and liberally construed so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence."   *Willis v. Ritter*, 2007 WL 2455873, *2 (S.D.Cal. 2007) (citing Fed.R.Civ.P. 26(b)(2); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).   In this case, the Court further ordered that the scope of discovery be related to the '846 and '977 patents. DE 49, 50.   Based on the Court's orders, Phoenix does not object to limiting the request to discoverable communications pertaining to the '977 and '846 patents at this time.

TROJAN LAW OFFICES
BEVERLY HILLS

CASE NO. CV 10-03846 MRP (SSx)                    38                    JOINT STIPULATION RE
                                                                        PHOENIX'S MOTION TO COMPEL

1

2   Communications between Microsoft and any third party regarding the

3   alleged infringement of the '846 and '977 patents could not be more relevant to

4   oppose Microsoft's summary judgment motions and support Phoenix's direct and

5   indirect infringement claims pertaining to these patents.  *See* Trojan Decl, Ex. 8;

6   DE 52-2 to DE 52-10.   For example, Microsoft's communications with its

7   customers and others regarding infringement will by definition contain information

8   and admissions relevant to Phoenix's claims, the accused systems, promotion of the

9   accused products, and intended and actual use of the accused systems by its

10  customers and others.

11  Microsoft alleges that Phoenix did not adequately allege indirect

12  infringement in its infringement contentions and should be denied discovery of

13  contracts on that basis.  Trojan Decl., Ex. 2 at 6-7.  Phoenix sufficiently alleged

14  indirect infringement in its infringement contentions.  *See* Trojan Decl., Ex. 8

15  (Phoenix separately identifies elements of its claims of direct infringement,

16  inducement, and contributory infringement in its infringement contentions, tying

17  the infringement theories to the '846 and '977 patents, the accused systems, the

18  exemplary partners/ class of customers, the products and related claim charts).

19  Moreover, Phoenix cannot identify nonpublic, confidential information only in

20  Microsoft's possession in support of its infringement contentions.  Thus, Phoenix's

21  request is not only relevant, but necessary.  *American Standard Inc. v. Pfizer Inc.*,

22  828 F.2d 734, 743 (Fed. Cir. 1987) (need for discovery is enhanced when

23  information is uniquely available from the party from whom it is sought).

24  The communications are relevant to show Microsoft's knowledge of its

25  customer's infringing acts and Microsoft's instructing its customers on the use of

26  the Microsoft IVR.  To withhold all documents responsive to this request, which

27  seeks highly relevant information, is grossly inappropriate.  Such communications

28  between Microsoft and third parties regarding alleged infringement go to the very

TROJAN LAW OFFICES
BEVERLY HILLS

1

2   heart of Phoenix's claims, Microsoft's summary judgment motions, and are

3   reasonably calculated to lead to admissible evidence.

4       Microsoft's summary judgment motions also raise the issue of joint direct

5   infringement.  *See, e.g.*, DE 55 at 9; DE 57 at 10.  Microsoft explains that a ███

6   ████████████████████████████████████████████████  but  Microsoft

7   fails to provide any evidence as to what services the third party IVR provider

8   performs for Microsoft.  *See id.*  By not disclosing the third party's actions,

9   Microsoft suggests that it has no knowledge of the infringing acts, but public

10  documents cited in Phoenix's Infringement Contentions clearly indicate that

11  Microsoft directed third party IVR provider Gold Systems during the development

12  of the Microsoft Customer Support IVRs.  *See, e.g.*, DE 52-4 at 1-2 ("Because

13  Microsoft IT wanted the [customer support IVR] application to be entirely based on

14  Microsoft products and technologies, it quickly decided on Office Communications

15  Server 2007 Speech Server as the main technology for the new call-center

16  solution."); Trojan Decl., Ex. 25 at PHO 020922 (Microsoft provided "design

17  advice, development guidance, and technical support" to Gold Systems during the

18  development of the Microsoft Customer Support IVRs).  Phoenix will need

19  documents such as Microsoft's communications, agreements, and contracts with

20  third parties to determine the extent of direction and control Microsoft has over

21  such third parties.  *See* Trojan Decl. at ¶ 8.

22      Because this request is clearly relevant to Phoenix's direct and indirect

23  infringement claims of the '846 and '977 patents, the request does not violate the

24  Court's February 3, 2011 orders to limit discovery to the '846 and '977 patents.

25  DE 49, 50.  Nor is the request in any way premature or does it violate the January

26  11, 2011 court order to bifurcate issues of willfulness and damages from issues of

27  liability.  To the contrary, the deprivation of such information would result in actual

28  and substantial prejudice to Phoenix's ability to litigate its claims and oppose

TROJAN LAW OFFICES
BEVERLY HILLS

1   Microsoft's summary judgment motions.   The Court should therefore compel

2   Microsoft to produce documents responsive to this request.

3

4   **2.    Microsoft's Boilerplate Objections are Without Merit**

5   Microsoft's objection that the interrogatory is overly broad and unduly

6   burdensome as seeking "all communications" is meritless.   To prevail on its

7   objections, the objecting party must separately object to each item or category in

8   the request.   *See* Fed.R.Civ.P 34(b)(2)(B); *see also* Fed.R.Civ.P 34(b)(2)(C).   Any

9   objection must also include specific reasons for those objections.   *See* Fed.R.Civ.P.

10   34(b)(2)(B); *see also Bible v. Rio Properties, Inc.*, 246 F.R.D. 614, 619 (C.D.Cal.

11   2007).   Accordingly, Microsoft's boilerplate objections on the grounds that the

12   request is overly broad and unduly burdensome are improper to the extent that

13   Microsoft fails to provide any specific reasons for those objections.   Moreover, the

14   interrogatory is narrowly tailored to communications between Microsoft and any

15   third party regarding the alleged infringement of the '846 and '977 patents.   The

16   request calls for documents that are relevant and necessary to oppose the pending

17   summary judgment motions and for Phoenix to conduct its investigation of its

18   claims and Microsoft's defenses.

19   Microsoft's contentions that the request seeks information protected under

20   the attorney-client privilege or attorney product doctrine and seeks documents not

21   within Microsoft's possession, custody or control are baseless.   First, the request

22   seeks communications with third parties, which are normally not protected under

23   the attorney-client privilege.   The party asserting the attorney-client privilege has

24   the burden of establishing the relationship and privileged nature of the

25   communication. *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir.1997).

26   Microsoft has not met this burden.   Second, communications between Microsoft

27   and third parties must be sent by Microsoft or received by Microsoft, and therefore

28   are necessarily within its possession, custody or control.

TROJAN LAW OFFICES
BEVERLY HILLS

1

### 3.     Microsoft's Objection Based on Confidentiality is Moot

Microsoft stated that it will produce confidential documents, subject to its other objections, provided that Phoenix agrees to be governed by the terms of the stipulated protective order prior to the Court entering a protective order.  *See* Trojan Decl., Ex. 9.  Phoenix has agreed to be governed by the terms of the stipulated protective order before it is entered.  *See* Trojan Decl., Ex. 10.  Thus, Microsoft's objection based on confidentiality is rendered moot.

### B.     Phoenix's Proposed Resolution During the Conference of Counsel

During the April 6, 2011 conference of counsel, Microsoft renewed its objection that the requested documents relate solely to the issue of willfulness.  *See* Trojan Decl., Ex. 2 at 6.  As discussed above, the documents are not only relevant to issues of willfulness, but also relevant to issues raised in Microsoft's summary judgment motions regarding the '846 and '977 patents.  *See* DE 55 at 24-25; DE 57 at 24.  Thus, Microsoft is obligated to produce its communications with third parties regarding the alleged infringement of the '846 patent and '977 patent.

### C.     Microsoft's Contentions With Respect to Document Request No. 6

### 1.     Request No. 6 Is Overbroad and Seeks Privileged Material.

Coupling this request with Request No. 3, it appears that Phoenix believes it is up to Microsoft to do the work of proving up its case. This is not the law. Phoenix is entitled to discover how the Accused Systems work; it is not entitled, at this point in the litigation, to use documents which some day might be relevant on damages, to try to develop its own case-in-chief. Request No. 3 does not request documents related to how the Accused Systems work, but rather requests documents related to "alleged infringement." Thus, these communications, at best,

TROJAN LAW OFFICES
BEVERLY HILLS

1

2  relate to willful infringement or damages. But, as issues of damages and willfulness

3  have been bifurcated, documents relating to those issues cannot be relevant or

4  discoverable now.

5      Giving the request its narrowest possible construction in light of the

6  procedural posture of the case, it appears that Phoenix is seeking documents

7  relevant to proving divided infringement. But a number of problems exist with that

8  construction. It is totally artificial. There is nothing within the language of the

9  request to justify giving it such a narrowed interpretation. Also, it makes the request

10  moot. In its Motions for Summary Judgment, Microsoft specifically noted that it

11  was *not* relying on any theory of divided infringement in support of its Motions,

12  and the Court agreed.

13      As discussed above, Phoenix's infringement contentions are vague and

14  ambiguous, as is the list of accused products. As Microsoft does not know with any

15  certainty what products may be infringing, it is incapable of committing to produce

16  all communications regarding alleged infringement.

17      Finally, this request once again seeks to obtain Microsoft's client list through

18  subterfuge, this time by the name of the addressee. The court should not permit

19  Phoenix to get indirectly what it is not allowed to receive directly. Microsoft's

20  objections to producing its client list, set forth above, apply with equal force here.

21      **2.    Request No. 6 is still Irrelevant and Overbroad in Light of**

22  **Phoenix's Last-Minute Proposed Narrowing**.

23      In Section II, Phoenix contends that its motion to compel should be viewed in

24  light of an agreement between the parties to limit the scope of discovery to the

25  issues on the pending motions for summary judgment, and further contended that

26  its motion to compel was therefore seeking only evidence of indirect infringement.

27  But Phoenix has not narrowed this request to reflect this purported agreement.  For

28  example, Phoenix argues above that it is entitled to further discovery because

TROJAN LAW OFFICES
BEVERLY HILLS

1

2   "Microsoft's communications with its customers and others regarding infringement

3   will by definition contain information and admissions relevant to Phoenix's claims,

4   the accused systems, promotion of the accused products, and intended and actual

5   use of the accused systems by its customers and others." This broad of a request is

6   inconsistent with the agreed-upon narrowing of discovery in Section II.

7        Assuming that Phoenix intended to limit this request as set forth in Section II,

8   Phoenix still has made no showing as to how the requested information is relevant

9   to the pending motions for summary judgment. According to Phoenix's statement

10  in Section II, the requested information is somehow relevant to establishing indirect

11  infringement by Microsoft. But the summary judgment motions do not turn on the

12  issue of indirect infringement. In order for Microsoft to be liable for indirect

13  infringement, some other entity must be liable for direct infringement, and this

14  entity must be identified in Phoenix's infringement contentions. Phoenix has not

15  done so.

16       Phoenix is out of time to amend its infringement contentions, and it cannot

17  use Microsoft's responses to this discovery to amend its contentions. In its August

18  18, 2010 order, the Court effectively adopted the local patent rules of the Northern

19  District of California. These rules are designed to prevent a "shifting sands"

20  approach to claim construction. *Atmel Corp. v. Information Storage Devices, Inc.*,

21  No. C 95-1987, 1998 WL 775115 (N.D. Cal. Nov. 5, 1998). Instead, the patent

22  rules require the parties "to crystallize their theories of the case early in the

23  litigation and to adhere to those theories once they have been disclosed." *MemC*

24  *Elec. Materials v. Mitsubishi Materials Silicon Corp.*, No. C 01-4925, 2004 WL

25  5363616 (N.D. Cal. Mar. 2, 2004).

26       Phoenix's final infringement contentions were due and filed on

27  February 14, 2011. (Dkt. # 50.) Phoenix served its discovery demands on February

28

TROJAN LAW OFFICES
BEVERLY HILLS

11, 2011, with a due date of March 14, 2011, well after its final infringement contentions were on file. Phoenix does not now get to have wide-open discovery into Microsoft's confidential information so as to seek to revise its infringement contentions as to allege indirect infringement at some point in the future. As Phoenix is bound by its existing infringement contentions, its discovery demands are irrelevant.

### D.   Microsoft's Proposed Resolution During the Conference of Counsel

Microsoft stated that it would reconsider its position if Phoenix could articulate a cogent explanation as to why the requested documents were relevant. To date, none of Phoenix's explanations have been persuasive. Microsoft also pointed out that the Final Infringement Contentions do not adequately allege indirect infringement, so the requested documents could not be relevant on the grounds of establishing indirect infringement. Resolution could not be resolved on this issue either.

## VII.   PHOENIX'S CONCLUSION

For the foregoing reasons, the Court should compel Microsoft to immediately provide further responses to Interrogatory No. 7 and Document Request Nos. 3, 4, and 6.

## VIII.   MICROSOFT'S CONCLUSION

Phoenix cannot identify any current issue as to which its outstanding discovery relates. At best, the discovery Phoenix seeks is relevant to issues of discovery which have been bifurcated. The Court should deny Phoenix's Motion to Compel.


TROJAN LAW OFFICES
BEVERLY HILLS

1

2

3      Respectfully submitted,

4

5      Date: May 25, 2011

6

7

8      by    /s/ R. Joseph Trojan              by    /s/ Grant Kinsel
9      R. Joseph Trojan                        Grant Kinsel
       TROJAN LAW OFFICES                      PERKINS COIE LLP
10     Attorneys for Defendant,                Attorneys for Plaintiff,
       PHOENIX SOLUTIONS, INC.                 MICROSOFT CORPORATION
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28